Joseph J. **DUPKUNIS**, Appellant,

v.

**Anthony J. CELEBREZZE,** Secretary of
Health, Education and Welfare,
United States of America.

**No. 14260.**

United States Court of Appeals
Third Circuit.

Argued May 7, 1963.

Decided Oct. 9, 1963.

W. J. Krencewicz, Shenandoah, Pa.,.
for appellant.

David J. McCarthy, Jr., Dept. of Jus--
tice, Washington, D. C. (Joseph D. Guil-
foyle, Acting Asst. Atty. Gen., Drew J.
T. O'Keefe, U. S. Atty., Morton Hollan-
der, Attorney, Department of Justice,
Washington, D. C., on the brief), for
appellee.

Before McLAUGHLIN and FORMAN,.
Circuit Judges, and COOLAHAN, Dis-
trict Judge.

McLAUGHLIN, Circuit Judge.

The appeal here is from the decision
of the district court holding that there
was substantial evidence to support the

final determination by the Secretary of Health, Education and Welfare that claimant-appellant (claimant) was not entitled to disability benefits under the Social Security Act, 42 U.S.C.A. § 401 et. seq.

Claimant's application to establish a period of disability under Section 216(i) of the Act, 42 U.S.C.A. § 416(i), was filed on December 23, 1959. His application for disability benefits under Section 223, 42 U.S.C.A. § 423, was filed on September 14, 1960. In both applications the alleged disability impairment was stated to be anthracosilicosis and the date upon which claimant became unable to work was May 16, 1959. The applications were denied initially and upon reconsideration. A hearing was held at claimant's request on August 11, 1961.

The evidence established the following facts: Claimant is a 52 year old man with a sixth grade education. For 29 years he worked inside anthracite coal mines cutting coal with hand tools and explosives, and timbering. In 1953 he left the mines and went to work for Bethlehem Steel Company. After a few months, however, he was laid off and returned to work in the mines until May 20, 1955 when he left upon the advice of his doctor and again obtained employment with Bethlehem Steel.

In September of 1957 claimant was laid off at Bethlehem Steel because of lack of work. While employed by Bethlehem he had lost no time because of illness. However, since his lay-off in 1957 he has sought no other work.[1]

Claimant said in a 1960 interview with a Bureau field representative that after his lay-off in 1957 he felt he was able to do light work, but at the time of the interview, three years later, he felt unable to do any work. In explanation to the hearing examiner claimant stated "I didn't look because there was no place to look for it as far as that goes."

He applied for and received unemployment insurance in 1957, which continued until his eligibility ran out in 1959. On May 16, 1959 he was found to be totally disabled due to anthracosilicosis by the Pennsylvania Bureau of Workmen's Compensation and was awarded compensation.[2]

The medical evidence before the hearing examiner[3] disclosed that claimant had two impairing conditions: anthracosilicosis and a lumbosacral sprain.[4] The area of disagreement involved the degree of severity and extent of impairment found by claimant's private physician and those of the other doctors. In determining the extent of claimant's physical impairment, as he was required to do,[5] the hearing examiner acknowledged that the evidence showed that claimant had some musculoskeletal and pulmonary impairments. He concluded, however, that "although the claimant's condition of anthracosilicosis has no doubt resulted in some shortness of breath and other complaints, pulmonary function studies, chest X-rays, and exercise tolerance testing did not show such a loss of respiratory function as would continuously prevent the claim-

---

1. This factor may be of some significance on the question of whether claimant has met his burden of proving disability. See e. g., Adams v. Flemming, 276 F.2d 901, 904, footnote 3 (2 Cir., 1960) ; Gotshaw v. Ribicoff, 307 F.2d 840, 845 (4 Cir., 1962).

2. This determination by a state agency is, of course, not binding on the Secretary.

3. The decision of the hearing examiner became the final decision of the Secretary when the Appeals Council denied claimant's request for review on December 1, 1961. See Goldman v. Folsom, 246 F.2d 776, 778 (3 Cir., 1957).

4. Claimant attributes his back condition to a "back injury" he suffered when he was caught in a mine fall in 1945.

5. " 'The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity'." Hodgson v. Celebrezze, 312 F.2d 260, 263 (3 Cir., 1963); see also Farley v. Celebrezze, 315 F.2d 704 (3 Cir. 1963); Klimaszewski v. Flemming, 176 F.Supp. 927 (D.C.E.D.Pa. 1959).

ant from engaging in any substantial gainful activity." In reference to the impairment of claimant's musculoskeletal system (back condition and alleged arthritis of hands, fingers and left arm) the hearing examiner found that the complaints "were not in keeping with the objective medical findings of record, such as X-rays and clinical findings delineating loss or restriction of motion of the various joints." The examiner concluded that although these impairments prevent claimant from performing heavy labor they had not so affected his remaining capacity for "weight-bearing, walking, standing, sitting, stooping, grasping, lifting, reaching and bending" so as to continuously prevent him from engaging in any substantial gainful activity.

■ We have carefully examined the medical reports in the record and find no need to detail them here. The examiner's findings as to the severity of claimant's impairments are based upon his evaluation of the contradictory medical evidence and are soundly supported by the great preponderance of the evidence.

■ With respect to the second aspect of the test for disability, we find that there is substantial evidence to support the Secretary's determination that claimant's impairments did not result in his inability to engage in any substantial gainful activity. It is well settled that in order for a claimant to sustain the general burden of proof of his disability required by the Act he need not establish a complete absence of any opportunity for substantial gainful employment.[6] The claimant's statutory obligation is said to be judged in a "practical way" in the context of the Act and the manner in which, of necessity, it must be administered with informality and in great volume.[7] It is clear, however, that he must at least demonstrate that he is unable to do his former work.

There is no question that claimant cannot follow his former occupation as a coal miner. However, we do not believe that he has shown an inability to do work of the character he performed at Bethlehem Steel.

Claimant's work experience with Bethlehem Steel appears to have been quite varied for he states that he did "25, 50 different kinds of jobs there." Initially, in 1953 his work involved manual cleaning jobs that were designed for him to "get acquainted with the place." He then moved on to work as a "swing grinder," a job that involved swinging a large grinding wheel along the steel in order to remove the cracks. Finally, claimant was put on the radiac machines and saws which were used for cutting steel. In this job, the steel was brought to his machine and placed in it by means of an overhead crane and claimant then cut it to the requisite size. The cut pieces were removed by either crane or helper, so that claimant's duties were restricted to "setting up" the saws and then sitting and cutting the lengths as the steel was brought to him. The record indicates that claimant's work at Bethlehem Steel when he returned there in 1955 consisted primarily of operating these saws.

Claimant testified at the hearing that his breathing did not interfere with his work at Bethlehem Steel at the time he was laid off in September 1957. He contended, however, that between that date and May 16, 1959, when he became disabled, both his back and respiratory conditions became worse so that he could no longer perform such work.

The difficulty we find with his position is that the objective medical evidence does not confirm his testimony of subjective ailments. The examiner's findings with respect to the severity of his impairments, noted above, considered against the background of work experience which claimant has had lead us to conclude that claimant has not sustained

6. See, e. g., Hodgson v. Celebrezze, supra; Jarvis v. Ribicoff, 312 F.2d 707, 710 (6 Cir., 1963); Butler v. Flemming, 288 F. 2d 591, 595 (5 Cir., 1961).

7. Butler v. Flemming, supra.

his burden of proving that, at the very least, his former type of employment was no longer open to him.

The judgment of the district court will be affirmed.