**Louis GEE, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare of the United States, Defendant-Appellee.**

**No. 15154.**

United States Court of Appeals
Seventh Circuit.

Jan. 20, 1966.

Harvey L. McCormick, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., Thomas R. Jones, Franklyn M. Gimbel, Asst. U. S. Attys., Milwaukee, Wis., for appellee.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff Louis Gee, seeks to review the decision of the Secretary of Health, Education and Welfare, disallowing plaintiff's claim for a period of disability beginning September 16, 1959, and disability insurance benefits.

■ If supported by substantial evidence the findings of fact of the Secretary are conclusive. Degner v. Celebrezze, 7 Cir., 1963, 317 F.2d 819, 821.

■ The record contains an abundance of medical evidence which would support a finding that the plaintiff is not fit to engage in "heavy work." There were some conflicts in the medical evidence, much of which consisted of examinations made in connection with plaintiff's claim rather than for treatment purposes, as to the extent of his various past and present minor or temporarily disabling ailments, but the evidence as a whole clearly supports a finding that plaintiff has not established his "inability to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death" or to be of long-continued duration, as called for in the statute. Title 42, U.S.C.A. § 416(i) (1) (A).

In September, 1959, the plaintiff did suffer a pneumothorax or collapse of his left lung. He was treated for this condition and discharged from the hospital as improved. In June, 1960, a medical examination showed that the lung had returned to normal size and that his chest expansion was normal and equal on both sides. The same physician who made that examination testified that the pneumothorax was unrelated to other alleged respiratory conditions of which the plaintiff complained. Nevertheless the plaintiff left the job which he held in September, 1959, and made no effort to seek any type of employment.

■ When the plaintiff applied to the Industrial Commission of Wisconsin for benefits based on disability from silicosis, benefits were denied on the ground that he had only a minimal non-disabling case. The decision however, states that other conditions may have been disabling. Plaintiff feels that the Secretary erred in considering this comment as mere dictum. But the sole question before the Wisconsin Commission was the issue of disability from silicosis. The bases for the statement about other disabling factors do not appear. The Secretary is not bound by determinations of other agencies possibly made on standards different from those to which he is subject. In Carpenter v. Flemming, N.D., W.Va., 1959, 178 F.Supp. 791, 793, it was held that a determination of total disability made by the Workmen's Compensation Commissioner of West Virginia was not binding on the Secretary, and was of doubtful value even as a persuasive factor because the coverage, tests, and purposes of Workmen's Compensation differed from the disability provisions of the Social Security Act. See also Frantes v. Celebrezze, D.Minn., 1964, 237 F. Supp. 609, 612.

The plaintiff takes great issue with the Secretary's finding that plaintiff could continue to work at a job such as his last one where he was a locker room attendant. Plaintiff asserts that in this last post he sometimes had to carry extremely heavy packages of towels in dis-

regard of medical advice to avoid heavy work and that he had to sweep up the locker room thus exposing himself to dust which was injurious to his silicosis condition.

Nevertheless, the finding that plaintiff could do light work is well supported by the evidence. The Secretary did not limit his finding to plaintiff's own last employment, but listed a number of job titles within plaintiff's educational and physical capacities. The Secretary was not required, as plaintiff contends, to show that employment opportunities for such jobs were presently available to plaintiff. Jones v. Celebrezze, 7 Cir., 1964, 331 F.2d 226, 228.

The District Judge found no error and entered judgment affirming the decision of the Secretary. We have arrived at the same conclusion. The judgment of the District Court is affirmed.

Affirmed.