In the Matter of Anthony **RACHOCKI**, Plaintiff,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 65–386.

United States District Court
W. D. Pennsylvania.

Feb. 3, 1966.

Edward R. Schellhammer and Robert S. Glass, Johnstown, Pa., for plaintiff.

George E. Schumacher, Asst. U. S. Atty., for Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this action for review of the Secretary's denial of claimant's application for disability benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S. C.A. §§ 416(i) and 423, the government has moved for summary judgment. We think the motion should be granted.

Claimant filed his application on July 1, 1963, alleging his impairments to be silicosis and numbness in right leg. He had been a coal miner for 30 years with limited job experience in a lumber yard, as a carpenter's helper, and as a plumber's helper. As a result of a fall in June, 1962, a laminectomy was performed and he has not worked since.

The claimant's subjective evidence purports to show that he is totally and permanently disabled from pursuing any substantial gainful activity from the date of the application up to October 1, 1963, the critical period involved. Although he testified that at times he suffered pain in his back and right leg, at no time since his recovery from the laminectomy have analgesics been prescribed. It does not appear that his alleged pain is a substantial factor. The objective evidence in the record is amply sufficient to support the Secretary's findings to the effect that although claimant's impairments preclude him from working in his usual occupation in the coal mines, they were not so severe as to prevent him from engaging in gain-

ful sedentary or light work.[1] (Record (R.), pp. 22, 24, 27.)

The evidence establishes that the claimant was capable of performing certain particular work. Sufficient tangible evidence was adduced by the vocational expert, Dr. Cleeton, to establish the existence in Cambria County, where plaintiff resides, and in adjoining Blair County, of many employment opportunities in the categories of sedentary and light work during the period involved. This available work was specified as follows: 20 jobs as strap cutter in the garment industry; about 40 jobs as box closer in several industries; about 50 jobs as bundler in several industries; about 40 to 50 jobs as flyleaf turner; and about 50 other jobs of the same type. None of these occupations require more than 30 days training or education beyond sixth grade standards.[2] Claimant, in 1963, was 54 years of age and had an eighth grade education.

Fortifying the Secretary's findings were reports of two examining doctors containing strong indications that claimant withheld cooperation in the administration of breathing capacity tests, and that his complaints were "completely out of keeping with the physical findings." (R., pp. 181, 192.)

Although claimant expressed a willingness to work at a job he could do, since his back injury in June of 1962, he had made no attempt to apply for light or sedentary work (R., pp. 64–66). This factor may be of some significance on the question of whether claimant met his burden of proving disability. Dupkunis v. Celebrezze, 323 F.2d 380, 381 f.n. 1 (3d Cir. 1963), a case somewhat similar to the case under consideration; Torres v. Celebrezze, 349 F.2d 342, 345 (1st Cir. 1965).

Where the evidence is conflicting, but there is substantial evidence to support the administrative determinations, it is not the court's function to set them aside. We see no necessity for stating in detail the evidence contained in the record since the Examiner has summarized the testimony and the medical reports in a lengthy and detailed opinion. The Secretary's findings as to the severity of claimant's impairments are based upon his evaluation of the conflicting medical evidence and are soundly supported by a fair preponderance of the evidence. Likewise, substantial evidence supports the finding that there existed a reasonable opportunity for claimant, if he so desired, to engage in available substantial gainful employment.

As has been stated repeatedly, the test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment, and (2) a determination of whether the impairment results in an inability to engage in any substantial gainful activity. Dupkunis v. Celebrezze, supra; Hodgson v. Celebrezze, 312 F.2d 260, 263 (3d Cir. 1963); Klimaszewski v. Flemming, 176 F.Supp. 927 (E.D.Pa.1959). As in Dupkunis v. Celebrezze, supra, 323 F.2d p. 382, we find that there is substantial evidence to support the Secretary's determination that claimant's impairments did not result in his inability to engage in any substantial gainful activity.

It is certain that claimant did demonstrate that he was unable to follow his former occupation as a coal miner. Thus the burden shifted to the Secretary to show that reasonable employment opportunity was available to him. We think the Secretary met this burden. It was shown that light and sedentary work was reasonably available to claim-

---

1. Sedentary and light work were defined in the testimony (R., pp. 111–112) and in the Hearing Examiner's opinion (R., p. 18, f.n. 2).

2. The Secretary is not required to show that claimant in the area of his residence could have actually obtained employment with a specific employer. Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965); Dvorak v. Celebrezze, 345 F.2d 894, 897 (10th Cir. 1965); Robinson v. Celebrezze, 326 F.2d 840 (5 Cir. 1964).

ant as would amount to activity both substantial and gainful in view of his physical disabilities, and such other meaningful factors as his age, education, training, work experience and the labor market. Claimant did not demonstrate an inability to do the light and sedentary work shown by the evidence to be in existence in the area in which he resided and to which he had access.[3] He did not negative by actual efforts the demonstrated reasonable possibilities of obtaining such work. Cf. Bujnovsky v. Celebrezze, 343 F.2d 868 (3d Cir. 1965), where the claimant there applied to several employers for light work but was rejected because of his restricted physical capacity.

An appropriate order will be entered.

---

3. Although claimant lives in the country, he owned and drove a car. Admittedly he could drive for a period of 30 or 40 minutes without having to stop and move about to "loosen up" his back and leg.