Eleanor B. FRANKLIN, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.

No. 228, Docket 31585.

United States Court of Appeals Second Circuit.

Argued Dec. 7, 1967.

Decided May 2, 1968.

Howard Rudnick, Bendit, Rudnick & Waxman, New York City, for plaintiff-appellant.

Steve C. Arniotes, Asst. U. S. Atty., Joseph P. Hoey, U. S. Atty., Eastern District of New York, for defendant-appellee.

Before WATERMAN, FRIENDLY and HAYS, Circuit Judges.

WATERMAN, Circuit Judge:

Appellant commenced this action in the United States District Court for the Eastern District of New York seeking review under 42 U.S.C. § 405(g) of a final decision of the Secretary of Health, Education and Welfare by which appellant's applications for disability insurance benefits under Section 223 of the Social Security Act, 42 U.S.C. § 423, and for the establishment of a period of disability under Section 216 of the same Act, 42 U.S.C. § 416, had been denied. The district court granted appellee's motion for summary judgment, and appellant brought the case here. We affirm the district court.

The evidence before the hearing examiner showed that appellant, who never earned more than $2020.50 in wages in any one year but who styles herself an "executive secretary," was injured, when 45 years of age, in an automobile accident on August 4, 1962. She claimed that as a result she sustained a sprain and a whiplash injury of her neck. X-rays taken on August 10, 1962 disclosed no cervical fracture but revealed a degenerative condition of two of the lower cervical vertebral interspaces. An orthopedic surgeon who examined her 16 months later concluded that she did indeed have a history of a neck sprain which was superimposed on mild disc-space thinning and secondary arthritic lipping in the lower neck spine. In summary, the full medical evidence was conflicting as to the true extent and severity of appellant's neck impairment, but the undisputed objective evidence only disclosed that subsequent to the accident and prior to the hearing before the trial examiner appellant had received several diathermy treatments, had resorted to the use of neck traction while sleeping, and had occasionally worn a cervical collar.

While this objective evidence of the treatments she had received would ordinarily suggest that appellant, at worst, would occasionally suffer moderate discomfort from her condition, appellant testified emphatically before the hearing examiner that her pain grew quite intense whenever she was required to remain in a stationary position or to bend her neck for any prolonged period of time. It is significant, nevertheless, that, despite her claims of limited neck movement, stiffness, and pain, the only restriction that any of the various physicians whom she had consulted had placed upon her activity was one by one physician that she should be careful not to lift objects weighing over 25 pounds.

It is fundamental that in order to qualify under Sections 223 and 216 of the Social Security Act for disability

insurance benefits and for the establishment of a period of disability, an applicant must show that the claimed disabling condition is one which renders the applicant unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration," 42 U.S.C. §§ 416 (i) (1), 423(c) (2) ; and of course the applicant has the ultimate burden of persuasion, Kerner v. Flemming, 283 F.2d 916, 920–921 (2 Cir. 1960). Also, upon review, a court's function is limited to that of determining whether the Secretary's findings as to the relevant facts are supported by substantial evidence, 42 U.S.C. § 405(g) ; Celebrezze v. Bolas, 316 F.2d 498 (8 Cir. 1963). In the present case the hearing examiner's conclusion, as paraphrased by the district court, was that the medical evidence reflected "an undramatically mild underlying pathology, wholly disproportionate to the massive disability claimant imposes upon it." It is no doubt true, as appellant contends, that this court has rejected the view that a claimant will be said to be so disabled as to qualify for disability benefits only if an "average man," suffering from the same objective medical symptoms as the claimant, would be disabled under the statute, for we have earlier indicated that the subjective element of pain is an important factor to be considered in determining disability, Ber v. Celebrezze, 332 F.2d 293, 298, 300 (2 Cir. 1964). However, assuming *arguendo* that in the present case appellant demonstrated a "medically determinable physical or mental impairment which can be expected * * * to be of long duration," we nevertheless believe that there was substantial evidence that appellant's assumed impairment had not produced "inability to engage in any substantial gainful activity." Conceding, also, that appellant might not be able to return to her former employment as an "executive secretary" because such a job would require her to keep her neck in a fixed position for prolonged periods of time (e. g., while typing) and hence cause her to have periods of intense pain, there was ample evidence to support a conclusion that appellant could engage in other related forms of employment in which she would not be required to keep her neck in a fixed position. Therefore the present case is distinguishable from *Ber*, supra, in that here there is nothing like the showing of intense continuous arthritic pain that was testified to there. We note also that in *Ber*, we relied heavily upon the fact that there was nothing in the record in that case to indicate that claimant was qualified for any alternative employment to that of a sewing machine operator, whereas here the hearing examiner noted that appellant was qualified for many kinds of sedentary work and clerking jobs that do not require that one's head and neck remain in fixed positions for substantial periods of time.

Affirmed.