John J. MELNICK

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, United States of America.

Civ. A. No. 39619.

United States District Court
E. D. Pennsylvania.

Nov. 3, 1969.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

KRAFT, District Judge.

Plaintiff seeks review [1] of the final decision of the Secretary denying him disability benefits under the Social Security Act. 42 U.S.C.A. §§ 416(i) and 423. Both parties have filed motions for summary judgment, relying upon the record before the Secretary.

This matter had been remanded to the Secretary by this Court for further proceedings on November 9, 1966. Three

---

1. 42 U.S.C.A. § 405(g).

subsequent hearings were held and the hearing examiner thereafter issued his recommended decision denying the plaintiff disability benefits, which was affirmed by Appeals Council on October 14, 1968.

■ It is our function now to determine whether the final decision of the Secretary is supported by substantial evidence.

We have very carefully reviewed the entire file, which reveals a sharp conflict in the medical evidence upon the extent of plaintiff's pulmonary disorder. The primary reason for the earlier remand of this matter was the failure of the plaintiff, who was not represented by counsel at the first hearing, to advise the hearing examiner that plaintiff had, since August 21, 1964, been receiving Pennsylvania Workmen's Compensation benefits for total disability. The Pennsylvania Compensation Referee had found that plaintiff's total disability was caused by anthracosilicosis and awarded him benefits.

■ The Secretary, however, is not bound by the finding of disability made by the State Referee; but such a determination is required to be weighed by the Secretary as additional evidence in support of plaintiff's claim.

Essentially, the notable medical conflict in this matter arose from diagnoses by plaintiff's physicians of the existence of emphysema in varying degrees, which complicated the plaintiff's anthracosilicosis and contrary diagnoses of the nonexistence of emphysema by two physicians utilized by the Secretary.

Plaintiff contends that, since he has been awarded state benefits solely because of his pulmonary disorder, his additional orthopedic impairments resulting from ankle and leg fractures, gouty

arthritis and his complaints of persistent pain in his low back along with congestive heart failure in 1967, render him totally disabled.

Plaintiff is now 51 years of age and has had a sixth grade education. He is 5'10'' tall and is considered obese, weighing about 230 pounds. His work history has been almost entirely related to coal mining, except for two years in 1961 and 1962 when he was employed as a truck driver hauling rags.

The hearing examiner, after evaluation of all the medical evidence, gave greater weight to the opinions and reports of Doctors Swartz, Theodos [2] and Cross. The examiner concluded from this medical evidence, which included pulmonary function tests, that plaintiff's impairment was not of sufficient severity to preclude him from engaging in occupational activities. He further found, from the medical evidence, that plaintiff's restricted back motion and limitations caused by his leg did not prevent him from engaging in work of a sedentary nature.

Respecting plaintiff's complaints of pain in his back, there is evidence that such pain was not of sufficient severity to incapacitate plaintiff, according to Doctor Gunderson.

Plaintiff's heart condition has improved markedly according to Doctor Mika, his treating physician, who testified that plaintiff is now back at a tolerable level which would not prevent him from working.

■ We cannot fairly say that this record does not disclose substantial evidence to support the examiner's finding that plaintiff's impairments were not of sufficient severity as to prevent him from engaging in substantial gainful

2. Plaintiff's counsel, during argument before this Court, made frequent reference to Doctor Theodos' "youth" and his residence in Philadelphia, as indicative of a lack of experience and familiarity with anthracosilicosis.

We note from the record before the Secretary, that Doctor Theodos was born in 1909 and was graduated from Jefferson Medical College in 1935. He is also in charge of the Jefferson Medical College program of Anthracite coal welfare clinics. One of these clinics is located in Scranton State Hospital and is operated by Doctor Swartz.

activity. Baker v. Gardner, 362 F.2d 864, 867, 868 (3 Cir. 1966).

■ While plaintiff is unable to return to his former employment in the mines, he is capable of engaging in work of a sedentary nature, such as an assembler, bagger, tool crib attendant and inspector. As to these positions, there is substantial evidence in the record to support the examiner's findings that such jobs do exist "in significant numbers" * * * "in several regions of the country." 42 U.S.C.A. § 423(d) (2), as amended in 1967. Davis v. Gardner, 395 F.2d 681 (6 Cir. 1968).

### ORDER

Now, this 3rd day of Nov. 1969, it is ordered that:

1. the defendant's motion for summary judgment be, and it is, granted;

2. plaintiff's motion for summary judgment be, and it is, denied.