Clifford ROBB, Plaintiff,

v.

Robert H. FINCH, Secretary, Department
of Health, Education and Welfare,
Defendant.

Civ. A. No. 68–1295.

United States District Court,
W. D. Pennsylvania.

April 7, 1970.

Thomas A. Swope, Jr., Swope & Swope, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is an action under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for review of the decision of the Secretary of Health, Education, and Welfare denying plaintiff disability in-

surance benefits under Title II of the Social Security Act.

Plaintiff filed application for a period of disability and for disability insurance benefits. It is claimed he became unable to work on September 22, 1967, at age 58. The application was denied initially and on reconsideration by the Social Security Administration. Plaintiff appealed and a hearing was held, at which plaintiff, his attorney, and a vocational expert appeared.

On September 11, 1968, the hearing examiner found that plaintiff was not under a disability. That decision became the final decision of the Secretary on October 31, 1968, when the Appeals Council denied plaintiff's request for review.

The issue before the Court is whether or not the Secretary's decision is supported by substantial evidence so as to preclude the plaintiff from establishing a period of disability under § 216(i) of the Social Security Act and from precluding the plaintiff from receiving disability insurance benefits under § 223 of said Act. This question is presented through a Motion for Summary Judgment presented by the defendant Secretary.

The plaintiff is a resident of a small mining community. At the time of the hearing, he was 59 years of age. His formal education consisted of the preliminary eight grades of schooling and at the age of 17, he began to work in the coal mines as a hand loader. During his 40 years as a coal miner he laid track, drilled coal, shot coal, ran motors, operated a joy loader and repaired cars, etc. Also, he received mining papers and shot-fire papers. He stopped working in September 1967 because of back and leg trouble. He did not return to work after that time and has made no effort to find other employment claiming that he was unable to do so due to his physical condition.

Claimant had many abnormal conditions which militated against and make it impossible, due to a combination of a heart involvement, emphysema and possible liver disease, for him to continue working in the coal mines. The parties are in substantial dispute as to whether jobs were available for him to perform and as to the type of activity and work in which he could engage with any degree of regularity.

■ Since he was unable to work in the coal fields at any of his type of employment, it is incumbent upon the Secretary to prove that there existed reasonable employment opportunities for the plaintiff. Also, mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available. Janek v. Celebrezze, 336 F.2d 828, 833 (3d Cir. 1964). Also, the employment opportunities must be realistic and must be what is reasonably possible and not merely what is conceivable. Stancavage v. Celebrezze, 323 F.2d 373, 376, 377 (3d Cir. 1963).

■ Under § 216(i) and 223 of the Social Security Act, the term "disability" means "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months * * *." The provisions of this statute are remedial and must be construed liberally and with realism. See Klimaszewski v. Flemming, D.C.Pa., 176 F. Supp. 927, 929 (1959); Seldom Ridge v. Celebrezze, D.C.Pa., 238 F.Supp. 610 (1964); Fedor v. Celebrezze, D.C.Pa., 218 F.Supp. 667 (1963).

■ The scope of review by the Federal Courts of administrative finding relative to these Social Security cases is to ascertain whether or not "on the record as a whole there is substantial evidence to support the Secretary's findings of fact". Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957). The test for disability consists of (1) a determination of the extent of the applicant's physical or mental impairment, and (2), a determination whether that impair-

ment results in an inability to engage in any substantial gainful activity. Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir. 1965); Janek v. Celebrezze, *supra*; Stancavage v. Celebrezze, *supra*; Hodgson v. Celebrezze, 312 F.2d 260, 263 (3d Cir. 1963); Klimaszewski v. Flemming, *supra*. Four elements of proof are included in the test: (1) medical data and findings; (2) expert medical opinion; (3) subjective complaints; (4) plaintiff's age, education, background and work history. Stefero v. Gardner, 285 F.Supp. 898 (E.D.Pa.1968).

The law provides that a claimant shall be entitled to disability benefits only if he can establish both that he suffers from an impairment or impairments which can be expected to result in death or which have lasted or can be expected to last not less than twelve months and that by reason of those impairments, he is unable to engage in any substantial gainful activity. § 223(d) of the Act; Rachocki v. Gardner, 250 F.Supp. 317 (W.D.Pa. 1966).

What is meant by disabling impairments is spelled out in the Regulations of the Secretary, which provide that to be deemed disabling under the Act, the impairments claimed must be of such severity as to result in lack of ability to perform significant functions, such as moving about, handling objects, hearing, speaking, reasoning and understanding. § 404.1502(b), Regulations of the Social Security Administration, 33 F.R. 11749 (August 20, 1968).

Thus, although it is evident that plaintiff, like many individuals, has some physical impairments, these are clearly either mild or remediable, or the result of his own indifference to reality. Viewed in its entirety, the record demonstrates by substantial evidence that plaintiff does not suffer from any impairments which singly or in combination render him unable to perform any work.

Admittedly, plaintiff is not able to return to his former work as a miner. But there are other kinds of light or sedentary jobs which he can do and which are available in the area where he resides. It is strange he did not try to work at some of the jobs available and listen to instructions given to him by competent medical men as to the need to cease smoking and drinking and change his way of life. While by law claimant was not confined to consideration of only the local job market, the jobs available in the area where he resides serve to point up the many types of employment available to a person of plaintiff's age, education, work experience, and impairments. This is all that is required of the Secretary. It is not necessary that the Secretary show that a particular job exists for a particular claimant or that the claimant would be hired for the job if he applied. § 223(d) of the Act, 42 U.S.C.A. § 423(d); § 404.1502(b) of the Regulations; Nelson v. Gardner, 386 F.2d 92 (6th Cir. 1967).

Despite the presence of many types of light or sedentary work which plaintiff could be expected to do, however, he has made no attempt to apply for work since the alleged date of onset. This failure may also be considered evidence that he has failed to meet the burden of proving disability. Dupkunis v. Celebrezze, 323 F.2d 380, f.n. 381 (3d Cir. 1963); Rachocki v. Gardner, *supra*.

The law is firmly settled that the findings of the Secretary shall be considered conclusive if they are supported by substantial evidence, which means believable and well reasoned judgment. § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g); Ferenz v. Folsom, 237 F.2d 46 (3d Cir. 1956); Palmer v. Celebrezze, 334 F.2d 306 (3d Cir. 1964).

I am aware that reasonable minds could well reach contrary conclusions from a reading of the whole and complete record. However, this Court is not permitted to hear the proceeding de novo or substitute its judgment for that of the Hearing Examiner and Secretary.

Since the findings of the Secretary are supported by substantial evidence, they must be upheld. There is ample evidence to support the Secretary's findings that plaintiff does not suffer from impairments which, taken separably or in combination, would render him unable to perform any substantial gainful activity. Therefore, defendant's Motion for Summary Judgment is granted.

An appropriate Order is entered.