John A. **KRAZALKOVICH**, Plaintiff,

v.

Robert H. **FINCH**, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 69–482.

United States District Court,
W. D. Pennsylvania.

April 8, 1970.

Swope & Swope, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is an action against the Secretary of Health, Education, and Welfare, under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary denying plaintiff's application for the establishment of a period of disability under Section 216(i) of the Act, 42 U.S.C.A. § 416(i), and for disability insurance benefits as provided by Section 223 of the Act, 42 U.S.C.A. § 423. Section 205(g) provides, *inter alia*, that "As part of his answer, the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based," and that "The Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It also provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

The plaintiff filed his application for the establishment of a period of disability and for disability insurance benefits on June 28, 1967, alleging that he became unable to work on April 28, 1967, at age 43, because of a heart condition, emphysema, and silicosis. The application was denied initially, and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration.

Plaintiff then asked for a hearing before the Bureau of Hearings and Appeals of the Social Security Administration. This hearing was held on May 15, 1968. Upon conclusion, the hearing examiner, before whom plaintiff, his attorney, and a vocational expert appeared and testified, considered the case *de novo* and on June 28, 1968, issued his decision, finding that the plaintiff was not under a disability. Plaintiff's request for a review of this decision was granted by the Appeals Council on

August 27, 1968. Upon receipt of additional evidence, the Appeals Council considered the case and on April 8, 1969, found that plaintiff was not under a disability. This decision of the Appeals Council is the final decision of the Secretary. 20 CFR § 404.951.

The issue in this case is whether the decision of the Secretary that the plaintiff has failed to establish that he is unable to engage in any substantial gainful activity by reason of his alleged impairments is supported by substantial evidence.

The plaintiff is a resident of a small mining community and at the time of the hearing was 44 years of age. At the age of 16 he had only completed six grades of formal education and at that time began to work in the coal mines and continued to so work until April 28, 1967. Other than this work in the coal mines, the plaintiff did no other work other than a sealer with Fisher Body Company.

While a coal miner, the plaintiff loaded coal, operated a cutting machine, operated a coal mole, ran a shuttle car, bolted roof and timbered and was a machine helper. All of the work was in a dusty environment and was hard manual labor.

His principal complaints are shortness of breath and his heart condition. None of these conditions, according to the medical data of record, are such, however, that individually or in combination preclude him from engaging in substantial gainful activity. On the contrary, the data show that while plaintiff has pneumonoconiosis compatible with silicosis of the lungs, there is no significant disturbance of ventilatory function and that his cardiac status is within normal limits.

Plaintiff claims he has been unable to work since a heart involvement in April 1967. He spends most of his spare time at a gas station where he socializes with his friends. He also watches television, drives to the post office, and goes fishing whenever possible.

Sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423(d), as amended by Section 158(b), Public Law 90–248, 81 Stat. 821, defines the term "disability" to provide, in part:

"(d) (1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

\* \* \*

" \* \* \* \* \* \*

"(2) For purposes of paragraph (1) (A)—

"(A) an individual \* \* \* shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

" \* \* \* \* \*

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques."

And Section 223(d) (5) of the Act, 42 U.S.C.A. § 423(d) (5), as added to the Act by Section 158(b) of Public Law 90–248, the Social Security Amendments of 1967, provides that:

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

The provisions of the Social Security Amendments of 1967 apply to pending cases. Section 158(e) of Public Law 90–248. Townsend v. Cohen, 296 F.Supp. 789, 792 (W.D.Pa.1969).

■ Unquestionably, a most substantial conflict exists in the evidence, especially as to medical opinions as to and what the plaintiff can or cannot do without prejudice to his physical condition. Insofar as there was a conflict in the medical evidence, it was the duty of the Secretary to resolve such conflicts. Jones v. Cohen, 295 F.Supp. 1302 (W.D.Pa. 1969); Durham v. Gardner, 392 F.2d 168 (4th Cir. 1968); Carden v. Gardner, 352 F.2d 51 (6th Cir. 1965); Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963).

■ This is a case where reasonable men could certainly differ, and if this Court could have heard and observed all the witnesses, it is possible a different result would have been reached. However, the record cannot be considered de novo. Such a remedy is in the Halls of Congress and not with the Court. I do not believe in trying to read into an Act of Congress something that is not stated or interpret it in a way that it is not written.

■ I think there is substantial evidence to support the conclusion that the only restriction placed on the work activity of the plaintiff is that which does not require strenuous physical exertion. I doubt if he could secure employment or do a full day's work in the coal mines.

■■ Under these circumstances, the Secretary has the burden of showing that there exist, in light of plaintiff's impairments, age, education, training, work experience, and the labor market, reasonable employment opportunities for the plaintiff. I think this has been done under all the evidence presented, which certainly is of a substantial nature. The vocational opportunities available to plaintiff were explored at the hearing by vocational experts fully qualified to advise the Secretary as to what type of work plaintiff could do and where such work could be found. These jobs, all within plaintiff's capabilities, existed, moreover, not only in the general economy, but in the area in which plaintiff lived.

It must be repeated, the medical evidence in this case fully supports the Secretary's conclusion that the plaintiff's impairments, while they may preclude him from working in the mines, do not prevent him from doing other types of work. Similarly, the vocational data supports his conclusion that there are other types of work he can do and that such work is available in the area in which he lives and in other areas as well. Thus, this case is unlike Gentile v. Gardner, 298 F.Supp. 1401 (W.D.Pa. 1969); Bujnovsky v. Celebrezze, 343 F. 2d 868 (3d Cir. 1965); Hodgson v. Celebrezze, 312 F.2d 260 (3d Cir. 1963); and Stancavage v. Celebrezze, 323 F.2d 373 (3d Cir. 1963), in which the Secretary failed to show the reasonable opportunities available at which plaintiff could perform. Having sustained this burden, the plaintiff cannot be deemed disabled within the meaning of the Act. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).

■ It is true that plaintiff is receiving a nonservice-connected pension of $84.00 a month from the Veterans' Administration. This, however, cannot be determinative that he is disabled also for a social security program for it is well settled that a disability award under another governmental program is of little

or no weight in determining whether an individual is disabled under the social security program. Dupkunis v. Celebrezze, 323 F.2d 380 (3d Cir. 1963); Carpenter v. Flemming, 178 F.Supp. 791 (N.D.W.Va.1959).

The Motion of the Secretary for Summary Judgment shall be granted.

An appropriate Order is entered.