Ralph E. ROLENAITIS

v.

Elliott L. RICHARDSON, Secretary of
Health, Education and Welfare.

Civ. A. No. 70-3492.

United States District Court,
E. D. Pennsylvania.

Jan. 26, 1972.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

J. F. Penrose, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U. S.C. § 405(g), to review a final decision of Health, Education, and Welfare. The plaintiff filed application for a period of disability and for disability insurance benefits on January 15, 1968 (Tr. 46–49), alleging that he became unable to work in September 1967. The decision rendered by a hearing examiner on October 16, 1970 (Tr. 11–16), became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review of the hearing examiner's decision on December 8, 1970 (Tr. 6). This final decision holds that plaintiff was under a disability from September 1967 to January 1970 and was entitled to disability insurance benefits beginning with the month of April 1968 and ending with the month of March 1970.

On October 4, 1971, the Government filed a motion for summary judgment, contending that the only issue raised by such motion is whether the final decision of the Secretary is supported by substantial evidence.

Thereafter, on November 8, 1971, the plaintiff filed a motion to remand the record to the Secretary for the purpose of producing the testimony of Dr. William J. Erdman, II, and for the further purpose of introducing the record of the Pennsylvania Workmen's Compensation proceedings involving the plaintiff. (See paragraph 10 of plaintiff's motion to remand.) Plaintiff concedes that the record as presently constituted contains substantial evidence supporting the Secretary's decision and plaintiff "* * * is willing to concede that in the present posture the record would have to be affirmed" (see paragraph 13 of plaintiff's motion to remand).

We independently reviewed the record and, on the basis thereof, conclude, as the plaintiff concedes, that there is substantial evidence supporting the Secretary's decision. The operating surgeon, Dr. Robert M. Erdman, reporting the results of an examination of the plaintiff on January 20, 1970, stated "I feel this patient has reached the point where he has a substantial earning capacity * * *". (P. 103) Again, on October 23, 1970, Dr. Erdman reported "This patient is partially disabled from work * * *". (p. 126) He so reported on September 17, 1970. (P. 125) A vocational expert, H. Dale Freidman, likewise testified as to various jobs and job classifications available to the plaintiff in the area where plaintiff resides and within a fifty-mile radius thereof. (PP. 38, 39, 40) In view of the plaintiff's admission and concession that the present record contains substantial evidence supporting the Secretary's decision, we shall not further review the record, but shall turn to a consideration of the motion to remand the record filed by the plaintiff in lieu of a specific answer or reply to the motion for summary judgment filed by the Government.

Plaintiff seeks a remand for the purpose of producing the testimony of Dr. William J. Erdman. His findings and conclusions are embodied in a report dated August 18, 1971, a copy of which is attached to plaintiff's motion to remand. He examined the plaintiff, ac-

cording to said report, on August 6, 1971 and found evidence of "L–4–L–5 root irritation" which he feels is responsible for the plaintiff's complaint of continued pain. He concludes that the plaintiff "* * * cannot return to his previous type of employment or do any employment which involves significant use of his back", but concedes that plaintiff's experience as a carpenter can be utilized "in the field of cabinet work which could be done on (an) inside basis". He thus concedes that plaintiff is able to engage in a "substantial, gainful activity". The statute affords benefits only to an individual suffering "inability to engage in any substantial gainful activity" (42 U.S.C. § 416(i) (1).) Inability to perform his previous work is not the test. To qualify for benefits, he must be unable to "engage in any other kind of substantial, gainful work which exists in the national economy" considering his age, education and work experience. (42 U.S.C. § 423(d) (2) (A).) It is evident that the medical evidence sought to be produced on remand will not establish the plaintiff's inability to engage in any substantial gainful work or in any substantial, gainful activity. On the contrary, based upon the report attached to plaintiff's motion to remand, it will establish plaintiff's ability to engage in "cabinet work" and perhaps other activities not detailed in Dr. Erdman's report. The vocational expert, Mr. Freidman, detailed a considerable number of employment opportunities available to the plaintiff. Thus a remand of the record to produce the proffered testimony of Dr. William J. Erdman will serve no purpose. His testimony, in accordance with his report, will serve to support the findings and conclusions already reached by the Secretary. A plaintiff or claimant will not be found disabled and entitled to benefits merely because he is unable to perform his former work. Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967); Carden v. Gardner, 352 F.2d 51 (6th Cir. 1965); Krazalkovich v. Finch, 310 F.Supp. 1027 (W.D.Pa.1970); Robb v. Finch, 311 F.

Supp. 122 (W.D.Pa.1970); Borrero Arce v. Finch, 307 F.Supp. 1071 (D.P.R. 1969); Schmidt v. Secretary of Health, Education and Welfare, 299 F.Supp. 1315 (D.P.R.1969); Rachocki v. Gardner, 250 F.Supp. 317 (W.D.Pa.1966). Therefore, "good cause" has not been shown for remand of the record (42 U. S.C. § 405(g)).

■ In the light of the medical evidence of record and that proffered by the plaintiff, his complaints of pain, a not-infrequent result of the operation here performed, cannot change the result. Reyes Robles v. Finch, 409 F.2d 84 (1st Cir. 1969); Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968); Franklin v. Secretary of Health, Education, and Welfare, 393 F.2d 640 (2nd Cir. 1968); Durham v. Gardner, 392 F.2d 168 (4th Cir. 1968); Peterson v. Gardner, 391 F. 2d 208 (2nd Cir. 1968); Schmidt v. Secretary of Health, Education and Welfare, 299 F.Supp. 1315 (D.P.R.1969). Subjective evidence of pain and disability is one of the elements to be considered in determining whether plaintiff is disabled, but such evidence must be evaluated with due consideration for credibility, motivation and medical evidence of an impairment. Urgolites v. Finch, 316 F.Supp. 1168 (W.D.Pa.1970).

■ Additionally, plaintiff seeks to introduce the record of the Pennsylvania Workmen's Compensation case in which he is involved. However, the decision of the Pennsylvania Workmen's Compensation authorities is not determinative of whether plaintiff is entitled to social security benefits. Apart from the fact that the term "disability" is differently defined, it is well settled that the Secretary is entitled to make his own independent findings as to whether an individual is "disabled" within the meaning of the Social Security Act. Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968); Gee v. Celebrezze, 355 F.2d 849 (7th Cir. 1966); Melnick v. Finch, 305 F.Supp. 441 (E.D.Pa.1969), aff'd 432 F.2d 1004 (3rd Cir. 1970); Carpenter v. Flemming, 178 F.Supp. 791 (N.D.W.Va.1959).

Thus, the introduction of the Pennsylvania Workmen's Compensation records will serve no useful purpose and will not change the results in this case.

The same is equally true of the plaintiff's receipt of a disability pension from the Veterans Administration. Gee v. Celebrezze, 355 F.2d 849 (7th Cir. 1966); Piper v. Richardson, 315 F.Supp. 234 (W.D.Pa.1970); Patrick v. Finch, 312 F.Supp. 121 (E.D.Ky.1970); Soto v. Secretary of Health, Education and Welfare, 308 F.Supp. 603 (D.P.R.1970); Ferrell v. Gardner, 260 F.Supp. 996 (S.D.W.Va.1966).

Therefore, the plaintiff's motion to remand the record will be denied and the Government's motion for summary judgment will be granted.