**Lawrence FARMER**

v.

**Caspar WEINBERGER, Secretary, Department of Health, Education and Welfare.**

**Civ. A. No. 73–320.**

United States District Court,
E. D. Pennsylvania.

Dec. 14, 1973.

David L. Pennington, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., and James Manning, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

GORBEY, District Judge.

Before this court are motions for summary judgment submitted by both parties. The plaintiff, a claimant for

disability benefits under the Social Security Act, commenced this action under 42 U.S.C. § 405(g)[1] within 60 days after the Appeals Council upheld the Hearing Examiner's denial of benefits. The plaintiff claims to be entitled to benefits by reason of lumbosacral disc damage and its sequela, which the claimant reinjured on May 28, 1968, in the course of his employment as a chemical mixer.

To qualify for disability insurance benefits under 42 U.S.C. § 423, an individual must meet the insured status requirements of that section, be under age 65, file an application for disability insurance benefits, and be under a "disability" as defined in the Act. The term "disability" is defined in § 423 to mean:

(d)(1) The term 'disability' means—

(A) inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . .

(2) For the purposes of paragraph (1)(A)—

(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For the purposes of the preceding statement (with respect to any individual) 'work exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

(3) For the purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

The plaintiff claims that once he has shown that he cannot return to his prior employment, the burden shifts to the Secretary to show that the claimant cannot engage in any kind of substantial gainful work which exists in a national economy. It is the plaintiff's contention that the Secretary has failed to meet his burden, going forward with evidence to establish the claimant's ability to engage in such work. The plaintiff further contends that the findings of the Hearing Examiner that (1) he is not disabled and (2) jobs for which he is qualified exist in significant numbers within the national economy, are not supported by substantial evidence.

 It is clear that the claimant has the burden of establishing that he is disabled within the meaning of the Act. Dupkunis v. Celebrezze, 323 F.2d 380 (3d Cir. 1963); Franklin v. Secty. H.E.W., 393 F.2d 640 (2d Cir. 1968). This burden, however, is met once it is shown that the plaintiff can no longer perform the work in which he has been experienced or trained. Baker v. Gardner, 362 F.2d 864 (3d Cir. 1966); See Gray v. Finch, 427 F.2d 336 (6th Cir. 1970). The plaintiff's claim that the Secretary failed to meet the burden of going forward with evidence, after such

---

1. § 405(g) reads in pertinent part as follows:

"Any individual, after any final decision of the secretary made after a hearing to which he was a party irrespective of the amount in controversy, may obtain a review of such decision* by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business. . . ."

4

a showing by the plaintiff, is without merit. The Hearing Examiner called Dr. Morris M. Rubin, a rehabilitation counselor and counseling psychologist, who testified as a vocational expert. He testified that there were numerous light and sedentary jobs, which existed in both the area in which the claimant lived, and in several areas of the country, which could be done by the claimant. Specifically, he listed these jobs as: bench assembly work, sorting, labeling, packing, laundromat attendant, retail sales clerk in a dry cleaning or bakery shop, and building watchman. In addition to the preceding jobs, the witness indicated that the claimant was capable of retraining to perform a simple trade such as alteration tailoring.[2] Accordingly, it cannot be said that the Secretary has failed to meet his burden of going forward and to show that the plaintiff could engage in any kind of substantial gainful activity which exists in a national economy.

■ The plaintiff's next argument is that there is no substantial evidence to show that the claimant could engage in a sedentary-type job. A review of the medical evidence shows no disagreement in the opinions of the three orthopedic surgeons who examined the plaintiff concerning his ability to perform light or sedentary work.

Dr. Stephen Christides examined the claimant on three occasions between June 11, 1968 (within 2 weeks after the accident) and January 28, 1969. His diagnosis of the plaintiff's condition is "1. chronic recurrent lumbosacral joint sprain; 2. chronic osteorathrosis of the spine; and 3. sequel of an old sciatic syndrome on the right". His report indicates: "Because the patient was found to be considerably improved, he was told to continue to use the brace, and return to his previous occupation on 9/6/68." He further indicates: "My opinion on my examination of 1/28/69 was that the patient was much im-

proved, and able to carry on with his activities."[3]

Dr. Raymond O. Stein, who examined the plaintiff at the request of his attorney, diagnosed the plaintiff's condition as lumbo-sacral disc damage. In his letter of April 21, 1969,[4] Dr. Stein indicates that following the May 28, 1968 occurrence, the claimant had "apparently improved sufficiently to be able to return to work providing that it was a light-type work which he was doing." He further indicates that the claimant's symptoms are somewhat controllable by use of a back brace. In response to a request of the claimant's attorney asking whether the claimant is "totally disabled from employment on a 5 day a week, eight hour day basis", Dr. Stein indicated that the patient was disabled from the "type of work that he previously did as of May 14, 1969", and that "such disability" would be permanent unless surgery was performed. Dr. Stein, at no time, indicated that the claimant was not or could not be capable of performing the types of jobs which the vocational expert described. In addition, Dr. Stein has indicated that there is an 80% chance that claimant's condition can be alleviated surgically; it is his belief that removal of the disc and a spinal fusion would enable the patient to resume normal activity. Lastly, the claimant was examined by Dr. Jose H. Auday on two different occasions at the request and expense of the government. Dr. Auday diagnosed the claimant's condition as chronic low back sprain due to disogenic disease. He indicates that the patient is "capable of performing any type of work which does not require excessive bending, lifting or climbing."[5]

There is no conflict in the medical testimony concerning the claimant's ability to carry out the type of activities required for the occupations listed by the vocational expert. Both Dr. Auday and Dr. Christides have indicated that he is capable of performing such activities.

2. Transcript, p. 68.
3. Exhibit 17.
4. Exhibit 16, transcript, p. 106.
5. Exhibit 22.

Dr. Stein indicates that the symptoms are somewhat controllable. In response to plaintiff's counsel's question on total disability, he is careful to state in this opinion that the plaintiff is disabled from the type of work that he previously did, omitting any reference to his capacity to perform sedentary work.

■■ Against this medical testimony, the plaintiff has testified that he experiences irregular and unpredictable seizures of pain and discomfort lasting up to three weeks in duration. It is clear that pain by itself or pain in conjunction with other injuries may be the basis for disability. Bittel v. Richardson, 441 F.2d 1193 (3d Cir. 1971); Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964). Therefore, subjective pain must be considered by the Hearing Examiner in making a determination of disability. Goodwin v. Gardner, 250 F.Supp. 454 (N.D.Cal.1966); Pope v. Richardson (E.D.Pa.No.72–1460, May 29, 1973). Such pain does not require substantation by clinical findings. Walston v. Gardner, 381 F.2d 580 (6th Cir. 1967); Prewitt v. Gardner, 389 F.2d 993 (5th Cir. 1968). However, the finder of fact may reject the claimant's unsupported assertions of pain, if he finds them not credible. Easttam v. Secty. H.E.W., 364 F.2d 509 (8th Cir. 1966); Goodwin v. Gardner, *supra.* *See also* Statzer v. Cohen, 297 F.Supp. 874 (W.D.Va.1969). The record shows that the Hearing Examiner took such subjective assertions of pain into consideration in arriving at his decision. On page 12 of the Hearing Examiner's Report,[6] the Hearing Examiner states:

Consideration has been given to the claimant's testimony concerning his limited activity, his getting tired easily, his need for time to adjust himself and straighten out, his inability to sit in one position or stand for any length of time, the wearing of a brace to give him back support, that although he might not have pain for a month or so, he will get an unexpected onset of pain which may last for three weeks and that he had such a three week spell of pain just before the hearing.

Although claimant's condition may be accompanied by pain, there is no medical evidence to substantiate the claim by the claimant of the sudden onset and duration thereof. It is to be noted, however, that the claimant testified that he walks to get exercise, that he helps a friend, who operates a laundromat, cleanout machines, that he helps to clean the house in which he lives, runs the vacuum cleaner, helps with the cooking every day, cleans windows, cleans out the yard and takes care of his personal needs. It is also to be noted that the claimant testified that he has not received any medical treatment for his back for about a year previous to the hearing and has not taken any medication to relieve his condition. In the opinion of the undersigned, these factors tend to negate the alleged severity of the claimant's condition.

It is clear, therefore, that the Hearing Examiner considered the subjective assertions of pain and rejected them.

■■ The Hearing Examiner made his determination that the claimant was capable of performing light work, based upon medical evidence that is not in conflict, and the claimant's own testimony concerning his activities. The plaintiff contends that the record contains insufficient evidence concerning the extent to which he engages in other activities. He argues, therefore, that the Hearing Examiner's rejection of his claimed inability to perform light work because of irregularly recurring pain was not supported by substantial evidence. However, the claimant has testified that he has been able to perform at least one of these household activities on a daily basis.[7] Substantial evidence has been defined by the Supreme Court as "more than a mere scintilla. It means such relevant evidence as a reasonable mind

---

6. Transcript, p. 21.

7. Transcript, p. 54.

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, at 401, 91 S.Ct. 1420, at 1427, 28 L.Ed.2d 842 (1971) citing from Consolidated Edison Co. v. NLRB, 305 U.S. 197, at 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Similarly, the court of appeals for the third circuit has defined substantial evidence as "Evidence which a reasoning mind would accept as sufficient to support a conclusion. It consists of more than a mere scintilla of evidence, but less than a preponderance of the evidence." Ginsburg v. Richardson, 436 F.2d 1146 at 1148 (3d Cir. 1971), cert. denied, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971), rehearing denied, 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690 (1971). Applying this test, we cannot say that the Hearing Examiner's consideration of the claimant's other activities was improper. *See* Mark v. Celebrezze, 348 F.2d 289 at 293 (9th Cir. 1965).

The determination by the Hearing Examiner that the claimant could perform sedentary work was based on substantial evidence. It was based upon unconflicting medical evidence and competent evidence of the claimant's activities. Since this finding of fact by the Secretary is supported by substantial evidence, it must be considered conclusive (42 U.S.C. § 405(g)).

 Finally, the plaintiff contends that there is insufficient evidence for the Hearing Examiner's findings that jobs for which claimant is qualified exist in significant numbers in a particular region or in several particular regions of the country. The claimant's contention is that while these jobs may exist in significant numbers in the country as a whole, there is no evidence on the record to show that these jobs exist in substantial or significant numbers in a single geographic area of the country, including the plaintiff's own geographic area. While some support existed for the plaintiff's assertion that it was necessary that jobs be found in the claimant's own geographic area (Hodgson v. Celebrezze, 357 F.2d 750 (3d Cir. 1966); Bugdnewicz v. Celebrezze, 249 F.Supp. 139 (E.D.Pa.1966), such a requirement was eliminated with the 1968 Amendments (Pub.L.No.90–248 § 158 (b)) to the Act. Title 42 U.S.C. § 423 (d)(2)(A) provides that such employment opportunities must exist in the national economy "regardless of whether such work exists in the immediate area in which [the claimant] lives". The same section defines work which exists in the national economy as work which "exists in significant numbers either in the region in which the individual lives *or* in several regions of the country." (Emphasis added) It is clear, therefore, that work need not exist in the geographic area in which the claimant lives. Whiten v. Finch, 437 F.2d 73 (4th Cir. 1971); *see* Robb v. Finch, 311 F.Supp. 122 (W.D.Pa.1970). Findings of the Hearing Examiner are clearly based upon sufficient evidence, as defined in Richardson v. Perales, *supra,* and Ginsburg v. Richardson, *supra.* The Hearing Examiner's findings were based upon the uncontradicted testimony of the vocational expert, Dr. Morris M. Rubin. Dr. Rubin testified that "jobs of this nature exist in significant numbers".[8] He indicates that his opinion is based in part upon federal government bulletins, weekly and monthly occupational information, received from state employment services, local newspapers and trade journals. Such sources have been recognized as a basis for vocational experts' opinions. Rose v. Cohen, 406 F.2d 753 (6th Cir. 1969); Lamar v. Celebrezze, 354 F.2d 645 (7th Cir. 1965). While it is not necessary that the vocational expert know of a specific job opening within the area (Rose v. Cohen, *supra*), Dr. Rubin testified that he personally had placed or assisted in placing handicapped persons in job categories of the type for which he recommended the claimant. He testified that he was personally aware of the existence of such jobs.[9] Accordingly, we

8. Transcript, p. 69.

9. Transcript, p. 68.

cannot say that the Hearing Examiner's finding is not based on substantial evidence, and we will not disturb the finding.

There having been no other issues raised in the complaint or the motion for summary judgment by the claimant, it is appropriate to grant summary judgment in favor of the defendant. Accordingly, the plaintiff's motion for summary judgment will be denied, and defendant's motion for summary judgment will be granted.