**Mrs. Sallie M. DURHAM, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Appellee.**

**No. 11839.**

United States Court of Appeals
Fourth Circuit.

Submitted on Briefs Without Argument
March 6, 1968.

Decided March 19, 1968.

John Bolt Culbertson, Greenville, S. C., on brief, for appellant.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Howard J. Kashner, Attorneys, Department of Justice, and John C. Williams, U. S. Atty., on brief, for appellee.

Before BOREMAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

The final decision of the Secretary of Health, Education and Welfare denied claimant's application for the establishment of a period of disability and an award of disability insurance benefits. Claimant then brought an action for review by the district court of the Secretary's decision pursuant to section 205 (g) of the Social Security Act. 42 U.S. C.A. § 405(g).

Upon review of the record, considered as a whole, the district court found that the decision of the Secretary was supported by substantial evidence and granted the Secretary's motion for summary judgment.

The medical testimony as to the claimant's physical condition was conflicting. Her personal physician, who was a general practitioner, expressed his opinion that she was unable to work due to an osteo-arthritic condition, but an objective examination made by an orthopedic surgeon resulted in a diagnosis of mild, generalized, degenerative arthritis with essentially full range of motion in claimant's cervical spine and full range of motion in all other joints. All of the medical evidence was reviewed by another

orthopedic surgeon who testified as a medical advisor and he stated his conclusion that claimant had mild, generalized osteo-arthritis and that her condition was usual for a person of her age. Claimant testified in her own behalf as to her asserted physical disabilities.

The trial examiner concluded that the evidence did not establish that claimant's impairment was so severe as to disable her from gainful employment, that she should be able to return to her regular job in a textile plant and that she could also do other and lighter work which was readily available. This became the final decision of the Secretary.

Upon review of the record as a whole, we find substantial evidence to support the determinations of the Secretary and the decision below will be

Affirmed.