Boger SLONE, Jr., Plaintiff,

v.

Elliott L. RICHARDSON, Secretary, Health, Education & Welfare, Defendant.

Civ. A. No. 70-C-135-A.

United States District Court,
W. D. Virginia,
Abingdon Division.

April 23, 1971.

Douglas G. Campbell, Harman & Campbell, Tazewell, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This action comes to the attention of the District Court under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The hearing examiner on January 9, 1970, concluded that the claimant, Boger Slone, was entitled to establish a period of disability and to receive disability insurance benefits pursuant to the applicable provisions of the Social Security Act. The Appeals Council due to much conflict in the evidence below decided to review the hearing examiner's decision on its own motion in order to obtain current medical evidence. The decision of the Appeals Council rendered on September 30, 1970, reversed the decision of the hearing examiner and held that the plaintiff was not entitled to any period of disability or disability insurance benefits on the basis of his application filed May 22, 1969. The plaintiff now petitions this court for a review of this final decision of the Secretary. Since the District Court function is that of review, the sole issue before this court is whether the Secretary's final decision denying the plaintiff his requested benefits is supported by substantial evidence.

The specific issue before both the hearing examiner and the Appeals Council was whether the claimant was under a "disability" as defined in the Social Security Act and if so when such "disability" commenced and the duration thereof. Section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i), provides for the establishment of a period of disability, and section 223 of the Act, 42 U.S.C.A. § 423, provides for the payment of disability insurance benefits. As herein pertinent, both sections define "disability" as an

* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months.

The plaintiff, Boger Slone, Jr., is forty-three years of age and resides at Stacy, Virginia. He and his wife have six children ranging in age from eighteen to three years. Claimant owns his home and approximately thirty-eight acres of land, most of which has been leased and strip-mined. Claimant's schooling is very limited, having attained only the second grade level. He has received no further educational or vocational training. He is for all practical purposes illiterate in that he is only able to sign his name. Plaintiff's work experience is limited to a variety of jobs in both a saw mill and in the coal mines. He was last employed in July or August of 1968 and gave as his reason for quitting the fact that he had an opportunity to lease his property for a strip-mining operation and decided to take a rest and live off the rents and royalties.

At the plaintiff's hearing before the hearing examiner on January 9, 1970, the record indicates that both the claimant and his wife testified, several medical reports were introduced and the testimony of a vocational expert was received. The plaintiff first saw a physician for his ailments on May 17, 1969 almost a year after he had leased his property and quit work to take a rest. Dr. Robert F. Baxter, a general practitioner, reported that the claimant was then suffering from a chronic pulmonary insufficiency with silicosis, early second stage, pulmonary emphysema,

pulmonary vascular hypertension, arteriosclerotic heart disease, angina and a chronic lumbosacral back strain. It was his opinion that the claimant was unable to work due to chronic lung and heart disease. Dr. J. A. Robinson, a specialist in internal medicine, examined the claimant on June 30, 1969. He reported that the claimant had a mild type of osteoarthritis involving chiefly the lumbar spine and a mild type of hypertrophic arthritis of the finger joints. The pulmonary functions test revealed no significant breathing problem. The specialist stated that he could find no evidence of serious disease or any disease of any consequence.

At the request of the Department of Public Welfare, Dr. Baxter again examined the claimant and diagnosed the claimant as having chronic respiratory silicosis, early stage two, insufficiency with pulmonary fibrosis and a probable disc syndrome. The date of this examination was July 8, 1969. On December 10, 1969 the plaintiff's treating physician, Dr. Baxter, reported that he had more recently been seeing the plaintiff at bimonthly intervals for treatment of pulmonary fibrosis, emphysema with recurrent attacks of asthmatic bronchitis and angina and vascular hypertension. He considered the claimant to be totally and permanently disabled.

A vocational expert also testified at the hearing and was of the opinion that if the claimant's impairments were of the degree of severity that the claimant had described, he would not have been capable of satisfactory work at that time. It was upon this evidence that the hearing examiner based his finding of disability. The Appeals Council, in addition to the evidence before the hearing examiner, also received three medical reports concerning the plaintiff's current condition. The plaintiff's attorney was able to comment on the new evidence and to produce new evidence of his own which consisted of a copy of a compensation award from Department of Workmen's Compensation of the Industrial Commission of Virginia.

Dr. William F. Schmidt examined the plaintiff on February 9, 1970 and reported that the plaintiff was suffering from chronic bronchitis with bronchospasm, "soft coal worker's" pneumoconiosis, coronary artery arteriosclerosis with symptomatic angina pectoris and hypertensive cardiovascular disease. He stated that the claimant's major problem was his coronary insufficiency and that if the respiratory impairments were the claimant's only complaint, he could do manual labor. The claimant's back and chest complaints were evaluated at the outpatient clinics of the Appalachian Regional Hospitals and the Daniel Boone Clinic on March 16 and April 17, 1970. The examination revealed very little regarding the plaintiff's respiratory complaints. X-rays of the heart, lung and chest were clear and essentially normal. Pulmonary functions tests and an electrocardiogram were found to be within normal limits. It was concluded that the claimant had low back pain associated with sciatica.

On July 30, 1970 a board certified specialist in internal medicine, Dr. Richard O. Rogers, performed a comprehensive evaluation of the plaintiff. The specialist described the plaintiff as a healthy middle aged male in no distress. All of the tests performed by the specialist were found to be within normal limits, as were the chest x-rays, electrocardiograms and pulmonary functions studies. Dr. Rogers was of the opinion that the claimant had a mild low back problem which may preclude heavy lifting, but that the condition could be improved with the use of a simple back brace and hard bed. The specialist stated that there was no evidence of any cardiovascular disease and no evidence whatsoever of pulmonary disease.

■ From the evidence outlined above, it clearly appears that the Appeals Council rested its decision denying the plaintiff his claimed disability insurance benefits on more than substantial evidence. The Appeals Council not only had before it all of the evidence presented to the hearing examiner, but it also

had three additional reports from consulting physicians. These reports were more current than the evidence presented at the hearing and they certainly were not in agreement as to the nature and extent of the plaintiff's maladies. In fact, the specialist could find no evidence of cardiovascular or pulmonary disease which was in substantial agreement with the outpatient reports from the hospitals. These reports coupled with the fact that the claimant's reason for quitting work two years earlier was not due to any infirmity, but due to his good fortune in leasing his property and the fact that he had not sought work since he quit his job, certainly establishes the existence of substantial evidence in support of the Secretary's decision.

The plaintiff argues that in the very least he has conclusively shown that he is unable to return to his former employment in the coal mines and that therefore the burden shifts to the Secretary to demonstrate that there are jobs available in the local economy which the claimant considering his age, past experience and disability was capable of performing. See Boyd v. Gardner, 377 F.2d 718, 721 (4th Cir. 1967); Carico v. Gardner, 377 F.2d 259 (4th Cir. 1967); and Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). Indeed the vocational witness testified that, if the plaintiff's impairments were of the degree of severity that he (the claimant) had described, he would not be able to successfully work on a sustained basis in a competitive labor market. However, the vocational expert's opinion was based upon the degree of severity the claimant described and the medical reports existing at the time of the hearing. Certainly, the hearing examiner was convinced of the plaintiff's disability by the combined medical and vocational evidence presented at the hearing.

■ However, there was new and substantially different evidence before the Appeals Council. Before the burden shifts to the Secretary to show other jobs for which the claimant qualifies, the initial burden is on the claimant to establish his entitlement to Social Security disability insurance benefits. It is not the burden of the Secretary to make an initial showing of nondisability. Reyes Robles v. Finch, 409 F.2d 84 (1st Cir. 1969); King v. Gardner, 370 F.2d 652 (6th Cir. 1967); Cyrus v. Celebrezze, 341 F.2d 192 (4th Cir. 1965); and Klapatch v. Finch, 297 F.Supp. 976 (M.D.Pa.1969). It was this initial burden which the Appeals Council felt that the plaintiff had not met in this particular case. Its decision was based upon more than substantial evidence, the particulars of which have been previously discussed.

■■ The plaintiff must support his allegations by medical evidence which is prepared by competent personnel and is of probative value. For subjective complaints to be the basis for a finding of disability, they must be substantiated by objective clinical and laboratory findings. Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968); Large v. Cohen, 296 F.Supp. 255 (W.D.Va.1969). The medical evidence concerning the plaintiff's maladies is certainly conflicting. Medical opinion ranges from Dr. Baxter's finding of total and permanent disability to Dr. Robinson's later finding of no evidence of any cardiovascular disease and no evidence whatsoever of pulmonary disease. It is the duty of the Secretary to resolve conflicting evidence. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962); Rose v. Finch, 317 F.Supp. 1147 (W.D.Va.1970). It is proper for the Secretary to give greater weight to the opinion of a physician specializing in the field in which the plaintiff's impairment lies than to an opinion of plaintiff's general practitioner. See Durham v. Gardner, 392 F.2d 168 (4th Cir. 1968).

In denying the plaintiff's claim, the Appeals Council found that the plaintiff did not satisfy the "disability" requirement of the Social Security Act. Their

decision rested on weighty, corroborated and current medical data and reports. It cannot be said that the vocational witness' testimony based upon the claimant's self-serving descriptions, when weighed against the conflicting medical reports, carried the plaintiff's initial burden of showing his disability. Such a factual determination was properly made by the Appeals Council and was supported by substantial evidence.

Accordingly, summary judgment should be and hereby is granted to the defendant.