Betty L. DALEY, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 86–3315.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1987.

Decided May 6, 1987.

As Amended June 17, 1987.

Mark R. Naegel (argued), Kondritzer, Gold & Frank Co., Cincinnati, Ohio, for plaintiff-appellant.

Joseph Kane, Asst. U.S. Atty., Columbus, Ohio, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, Linda Copeland Drake, Office of the General Counsel, Chicago, Ill., Kathryn F. Oba (argued), Leonard Saphire-Bernstein, Asst. Reg. Counsel, for defendant-appellee.

Before KEITH, KENNEDY and RYAN, Circuit Judges.

PER CURIAM.

Daley ("claimant") appeals the District Court's denial of disability widow's benefits contending that the court erred in finding that the Administrative Law Judge's ("ALJ") conclusion that she failed to establish a mental impairment as set forth in Listing 12.03, 20 C.F.R. Part 404, Subpart P, Appendix 1 (1983) or a combination of impairments, was supported by substantial evidence. Alternatively, she contends that the District Court erred in denying her request to have the Secretary reconsider her claim pursuant to the new mental impairment regulations. Because we believe that the court erred in not requiring the Secretary to reconsider her claim under the new regulations, we reverse and remand.

Claimant, at age fifty, filed an application for disability widow's insurance benefits, contending that she was unable to work since October 2, 1982 because of a heart impairment, diabetes mellitus, hypertension, and a functional psychotic disorder with depression. Her claim was denied at the initial stages. A hearing was held before an ALJ on July 12, 1984 that resulted in a decision dated August 28, 1984 denying benefits. On December 10, 1984, the Appeals Council of the Social Security Administration considered all contentions raised by claimant, but decided that there was no basis for changing the ALJ's decision. The District Judge referred the case to a magistrate for a report and recommendation. The magistrate recommended that the Secretary's decision be affirmed.[1] The District Court adopted this recommendation and granted summary judgment for the Secretary. This appeal followed.

Section 5(c)(1) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 5(c)(1), 98 Stat. 1794, 1801–02 (1984), requires the Secretary to reexamine any case receiving a final administrative determination after October 9, 1984, in which a denial of disability benefits based on alleged mental impairment was made. We have previously held that the language in section 5(c)(1) is mandatory and concluded that the decision of the Appeals Council is the final administrative decision. *Price v. Secretary of Health & Human Servs.*, 782 F.2d 1043 (6th Cir.1985). In the present case, the Appeals Council affirmed the ALJ's decision denying benefits on December 10, 1984, after the effective date of the new mental impairment regulations.

Accordingly, pursuant to 42 U.S.C. § 405(g), it is ordered that the judgment of the District Court is vacated and the cause is remanded to the District Court for further remand to the Secretary of Health and Human Services for readjudication according to the new mental impairment regulations codified at 20 C.F.R. Part 404, Subpart P, Appendix 1 (1986).

---

1. Prior to the oral argument before the United States Magistrate, the Assistant United States Attorney assigned to this case asked claimant to dismiss the action for review and re-submit the application for benefits to the agency pursuant to section 5(c)(1) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 5(c)(1), 98 Stat. 1794, 1801–02 (1984), for re-evaluation under the new mental impairment listings. Claimant's counsel, however, chose to argue the case under the old listings. Thus, the Secretary was aware that this case was entitled to review under the new listings and had attempted to have it remanded for this purpose.