**Elsie M. DORSEY, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary, Health & Human Services, Defendant-Appellee.**

**No. 86-3158.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1987.

Decided Sept. 14, 1987.

William Lewis Bott, III, for plaintiff-appellant.

James Anthony Winn, Office of the General Counsel, Dept. of Health & Human Services (Beverly Dennis, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Asst., Regional Counsel; Deborah

Fitzgerald, Asst. Regional Counsel; Henry E. Hudson, U.S. Atty.; Robert W. Jaspen, Asst. U.S. Atty., on brief), for defendant-appellee.

Before HALL, Circuit Judge, MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

K.K. HALL, Circuit Judge:

Elsie A. Dorsey ("claimant") appeals from the district court decision denying her request to have the Secretary reconsider her social security disability claim pursuant to the new mental impairment and pain regulations promulgated after denial of benefits by the Appeals Council. Because we agree that the court erred in not requiring the Secretary to reconsider her claim under the new regulations, we reverse and remand.

## I.

Claimant filed an application for social security disability benefits on November 3, 1983. In her application, she alleged and later presented evidence of back problems, pain and depression. Her claim was denied initially and on reconsideration. Claimant requested a hearing before an Administrative Law Judge ("ALJ") and was subsequently awarded benefits on August 23, 1984. The ALJ found Dorsey to be disabled based upon severe degenerative disc disease in her lumbar and cervical spine; musco-ligamentous syndrome in her cervical, thoracic and lumbar spine; tendonitis in her left shoulder; frequent and severe pain; and severe depression.

Thereafter, the Appeals Council reversed the ALJ's favorable decision and denied benefits on January 4, 1985. A federal complaint seeking review of the Appeals Council's final decision was filed with the district court on May 31, 1985.[1] The Secretary filed a motion to remand for readjudication under the new mental impairment listings promulgated at 20 C.F.R. § 404, Subpart P, Appendix 1, pursuant to § 5(c) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460. The new regulations had become effective on August 28, 1985. The claimant opposed the motion to remand and requested disposition by summary judgment. On May 23, 1986, the magistrate recommended that summary judgment be granted in favor of the Secretary. Claimant filed timely objections to the magistrate's report. However, the district court affirmed the magistrate's findings and further held that remand for reconsideration was not required under the new regulations.[2] Claimant filed a timely notice of appeal on the remand issue.

## II.

On appeal, Dorsey argues that once the district court found the Secretary's decision to be supported by substantial evidence under the old regulations, §§ 5(c)(1) and 3(a)(1) of the Reform Act required a remand for an administrative readjudication of the pain and mental impairment issues under the new regulations. We agree. The plain language of § 5(c)(1) compels the Secretary to reexamine any case receiving a final administrative determination after October 9, 1984, and before the effective date of new regulations promulgated under the Reform Act in which a denial of disability benefits is based on alleged mental impairment.[3] In the

---

1. Claimant's counsel requested and was granted an extension of time to file a civil action in the district court.

2. In her objections to the magistrate's proposed order, claimant requested that the district court find that the Appeals Council's decision was not supported by substantial evidence or in the alternative to remand the case to the Secretary for further consideration under the new pain and mental impairment regulations.

3. Section 5(c) states as follows:

(c)(1) Any initial determination that an individual is not under a disability by reason of a mental impairment and any determination that an individual is not under a disability by reason of a mental impairment in a reconsideration of or hearing on an initial disability determination, made or held under title II or XVI of the Social Security Act after the date of the enactment of this Act and prior to the date on which revised criteria are established

present case, the Appeals Council reversed the previously favorable ALJ's decision on January 4, 1985, before the effective date of the new mental impairment regulations. Therefore, this claim falls squarely within the time period covered by § 5(c).

We also reject the Secretary's suggestion that claimant waived a right to remand by opposing the Secretary's motion for remand prior to the decision to the district court. In a recent Sixth Circuit case, *Daley v. Secretary of Health and Human Services*, 819 F.2d 619 (6th Cir. 1987), the court stated that § 5(c) requires readjudication of the Secretary's denial of benefits even after claimant has chosen to proceed through the appeals process to the district court. The court concluded remand is not mandatory immediately after the Secretary's denial and claimants may proceed through the appellate procedure if they believe they can prevail under the stricter standards of earlier regulations. If the claimant does not prevail at the district court level, then they may properly request a remand under § 5(c).

We find the Sixth Circuit view persuasive.[4] The Court is of the opinion that this interpretation best effectuates the purpose of the Social Security Act. The Social Security Act is a remedial statute, to be broadly construed and liberally applied in favor of beneficiaries. Because the claimant has not been awarded benefits under the old regulations nor had the benefit of adjudication under the new mental impairment regulations, she is now entitled to a remand under § 5(c).

### III.

Claimant also argues that her case should be remanded for reevaluation under the revised pain standard at § 3(a)(1) of the 1984 Reform Act, 42 U.S.C. § 423(d)(5)(A). Claimant presented evidence to the ALJ regarding disabling pain of both an organic and psychogenic nature. Claimant argues that even though the new statutory pain standard was an apparent codification of existing regulations and policies, the Secretary was not applying its own standards in many cases. We agree. Upon a careful review of the Appeals Council's decision, it cannot be determined if the Secretary applied the correct standard in evaluating pain. Therefore, upon remand, the Secretary should also reevaluate the claimant's complaint of pain in light of the 1984 Reform Act amendments. *Lawler v. Heckler*, 761 F.2d 195 (5th Cir.1985).

### IV.

Because we find that the district court erred in failing to remand for consideration of mental impairment and pain under the new regulations, we reverse the decision below and remand the cause to the district court for further remand to the Secretary for readjudication according to the new mental impairment regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1 (1986) and pain disorder pursuant to § 3(a)(1), now codified at 42 U.S.C. § 423(d)(5)(A) and implemented by the Secretary in the revised Listing of Impairments.

REVERSED AND REMANDED.

---

by regulation in accordance with subsection (a), and any determination that an individual is not under a disability by reason of a mental impairment made under or in accordance with title II or XVI of such Act in a reconsideration of, hearing on, review by the Appeals Council of, or judicial review of a decision rendered in any continuing eligibility review to which subsection (b)(1) applies, shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria.

4. Previously, we had reached a similar conclusion in an unpublished opinion. *John v. Bowen*, 822 F.2d 55 (4th Cir.1987).