**Alan BLACK, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 91–0678 H.**

United States District Court, D. Rhode Island.

June 22, 1992.

---

Stephen M. Rappoport, Rappoport, Audette, Bazar & Farley, East Providence, R.I., for plaintiff.

Stephanie S. Browne, U.S. Atty., Providence, R.I., for defendant.

## MEMORANDUM & ORDER

HAGOPIAN, United States Magistrate Judge.

The instant matter has been referred for the conduct of all proceedings, including trial and entry of judgment with direct appeal to the United States Court of Appeals for the First Circuit. 28 U.S.C. § 636(c). This matter is before the court as an action under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services (Secretary). 28 U.S.C.

### I. INTRODUCTION

The Secretary of Health and Human Services (Secretary) has denied Plaintiff Alan Black's claim for disability benefits. Plaintiff Black has filed a motion for summary judgment in his favor. The Defendant has filed a motion for an order affirming the decision of the Secretary. The issue before

---

1. 42 U.S.C. § 405(g) provides that the Court may remand a case to the Secretary for further hearings and consideration.

2. 20 C.F.R. § 404.1527(d)(2).

the court is whether the decision of the Secretary should be affirmed, overturned or whether this case should be remanded to the Secretary for reevaluation [1] under the revised regulations which clarify the weight to be accorded to a treating physicians opinion [2]. For reasons explained below, this matter is remanded to the Secretary.

Plaintiff Black filed an application for Social Security Disability Benefits on January 31, 1990. A hearing was held before an administrative law judge (ALJ) on October 24 1990. The ALJ rendered his decision denying the Plaintiff's claim for disability benefits on February 7, 1991. The Plaintiff filed a request for further review with the Appeals Council. The Appeals Counsel denied the Plaintiff's request for review on October 30, 1991, making the ALJ's decision the final decision of the Secretary.

### II. DISCUSSION

■ The decision of the ALJ was rendered prior to the Secretary's adoption of new regulations which clarify the weight to be accorded a medical opinion offered by a claimant's treating physician. *See* Federal Register, Vol. 56, No. 148, August 1, 1991. The new regulation requires that a treating physician's opinion as to the condition of a claimant be given special preference in the determination of a disability status and in many circumstances the opinion may be controlling and binding upon the ALJ. 20 C.F.R. Part 404.1527(d)(2).

In *Bradley v. School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court held that an intervening law should be recognized and given effect. *Id.*, at 715, 94 S.Ct. at 2018. Here we have just such an intervening law.[3] In *Dorsey v. Bowen*, 828 F.2d 246 (4th Cir.1987), the Court ordered a remand to the Secretary for re-evaluation when a pain standard had been revised. The *Dorsey* Court found that the claimant had been denied benefits under an old standard and did not have the

---

3. There are two exceptions to the general requirement of retroactive application. The intervening law should not be applied if it would result in manifest injustice or if there is clear intent on the part of Congress that the law

opportunity for an evaluation under the new standard. Here, the ALJ reviewed the matter and made his findings upon substantial evidence which was available at that time, but under regulations which did not require that special weight be given the testimony of the treating physician.

 The regulation adopted by the Secretary could very well impact the final determination of the Plaintiff's claim for disability benefits. The Social Security Act was enacted as "remedial legislation to be construed liberally to achieve its purpose of easing the insecurity of life." *Pelletier v. Secretary,* 525 F.2d 158, 161 (1st Cir.1975). The broad purpose of the Act requires a liberal construction in favor of disability and the intent of the Act is inclusion not exclusion. *Rivera v. Schweiker,* 717 F.2d 719 (2nd Cir.1983).

## III. CONCLUSION

I find that the new regulation adopted by the Secretary should be applied to the instant case. Accordingly, the matter is remanded to the Secretary for further proceedings and consideration.

should not be applied retroactively. *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990).

Neither of these exceptions are applicable in the case at bar.