34 F.3d 1076
 Unempl.Ins.Rep. (CCH) P 14060B
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 
 John R. ANDERSON, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-3293.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1994.
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Secretary of the Department of Health and Human Services, following a hearing before an administrative law judge (ALJ) and a review by the Appeals Council, determined that claimant John R. Anderson was not disabled and, therefore, not entitled to social security disability benefits. Upon review the district court affirmed the Secretary's decision.
 
 
 3
 Claimant appeals, claiming he is entitled to a remand for consideration of his application pursuant to the Secretary's new regulations for determining disability for those infected with Human Immunodeficiency Virus (HIV). Social Security Benefits: Human Immunodeficiency Virus Infection; Evaluation, 58 Fed.Reg. 36,008 (1993) (to be codified at 20 C.F.R. pt. 404). Claimant further contends that the Secretary's denial of disability benefits was not supported by substantial evidence.
 
 
 4
 Claimant applied for disability benefits on July 25, 1990, alleging disability since April 30, 1990. Following a hearing before an ALJ on September 3, 1991, claimant's application was denied. The Appeals Council denied reconsideration on February 19, 1992. The Secretary's decision was affirmed by the district court on July 14, 1993. On July 2, 1993, only twelve days before the district court decided this matter, the Secretary established a new listing in the Listing of Impairments in appendix 1 of 20 C.F.R. part 404, subpart P, which sets forth the criteria for evaluating an HIV-infected claimant for disability benefits. As a threshold matter, we must determine the effect of the Secretary's recent promulgation of these new regulations on HIV or AIDS cases pending at the time the regulations became effective.
 
 
 5
 Claimant relies on two Supreme Court cases to support his contention that he is entitled to a remand for reevaluation under the new criteria. In National Labor Relations Board v. Pittsburgh Steamship Co., 340 U.S. 498, 500 (1951), the Court held that the scope of an appellate court's reviewing power was governed by then-existing law even if the administrative agency decision preceded the law. In Burlington Truck Lines, Inc. v. United States, 371 U.S. 156 (1962), the law applicable to an Interstate Commerce Commission action was altered by Congress between the time the ICC decided the case and the district court reviewed the decision. The Court held that the new law "so changed the complexion of the case," that the reviewing court should have remanded to the ICC for consideration in light of the new law. Id. at 172.
 
 
 6
 In response, the Secretary relies on a line of cases holding that social security regulations are not retroactive. In Brock v. Secretary of Health & Human Services, 791 F.2d 112, 115 (8th Cir.1986), the court, in remanding the case on other grounds, held that a statutory amendment requiring the Secretary to consider the severity of a claimant's impairments in combination, although not retroactive, would be applicable upon remand. In Torres v. Secretary of Health & Human Services, 845 F.2d 1136 (1st Cir.1988), the court held that a new medical improvement standard could not mandate a reopening of a benefits termination case which had been decided at the administrative level and affirmed by the district court prior to enactment of the new standard. Id. at 1139. The Secretary next cites Harrell v. Bowen, 862 F.2d 471 (5th Cir.1988), wherein the court held that an administrative ruling suspending review of termination cases pending enactment of an amendment to the Social Security Act establishing a uniform standard for terminating disability benefits did not rescind adverse decisions not pending administratively or in the federal courts. Id. at 477. Unlike the new regulations on HIV evaluation, this enactment contained an automatic remand provision for pending cases. Id.
 
 
 7
 Next, the Secretary directs us to Lichter v. Bowen, 814 F.2d 430 (7th Cir.1987). In Lichter, the court held that a claimant's initial determination of ineligibility, made prior to enactment of the Social Security Disability Benefits Reform Act, was not susceptible to redetermination under new regulations governing termination decisions because his determination of ineligibility was initial and not a continuing eligibility review. Id. at 432. Therefore, because the case does not address retroactive application, it does not help the Secretary.
 
 
 8
 Finally, the Secretary relies on McSwain v. Bowen, 814 F.2d 617 (11th Cir.1987), the only case which lends some support to her position. In McSwain, the court concluded that because the administration's new regulation, requiring the Secretary to consider the combined effect of all of a claimant's impairments in a disability determination, was not in effect at the time of the administrative hearing, it could not be retroactively applied. Id. at 620. Because the McSwain opinion does not provide any chronology as to the status of the claimant's case when the new regulations took effect, and because the court does not offer any authority for its decision on this issue, we reject the McSwain analysis.[2] We note that the majority of decisions cited by the Secretary and discussed above are factually distinguishable in that the appellate procedures were complete, and application of new standards or regulations would have required reopening of fully decided cases. Such is not the case here.
 
 
 9
 Of more relevance here, the Supreme Court in Thorpe v. Housing Authority, 393 U.S. 268 (1969), quoted Chief Justice Marshall stating, " 'if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied.' " Id. at 282 (quoting United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 110 (1801)). The Court held this to be equally true when the change is made by an administrative agency. Id.; see also Greater Boston Television Corp. v. FCC, 463 F.2d 268, 283 (D.C.Cir.1971)(holding that remand is appropriate "where there has been a change in circumstances, subsequent to administrative decision and prior to court decision, ... that goes to the very heart of the case"), cert. denied, 406 U.S. 950 (1972).
 
 
 10
 On December 15, 1993, the Third Circuit considered a class action brought by HIV-infected claimants against the Secretary, challenging alleged de facto regulations for evaluating the disability of persons with HIV and AIDS. In response to the claimants' request for an injunction requiring the Secretary to reopen and readjudicate denied claims decided under the Social Security Act's internal guidance,[3] the court held that, although claimants denied benefits could reapply, claims decided prior to the time the new regulations became effective were not subject to reopening. Rosetti v. Shalala, 12 F.3d 1216, 1233 (3d Cir.1993). The court stated that this policy was consistent with current SSA regulations governing the reopening of cases. Id.; see 20 C.F.R. 404.989(b), 416.1489(b) (decided claims will only be reopened for good cause, and good cause is not a change of legal interpretation or administrative ruling upon which the determination or decision was made). However, what is of special relevance here is the court's reference to a letter from the Secretary dated July 16, 1993, in which the Secretary informed the court that the new HIV/AIDS regulations would apply to "pending" cases. 12 F.3d at 1233. This is consistent with those cases holding that remand is appropriate when intervening changes in laws or regulations are applicable to cases pending administratively or pending in federal courts for review of final agency action. See, e.g., Harrisburg Coalition Against Ruining the Environment v. Volpe, 330 F.Supp. 918, 928 (M.D. Pa.1971)(where an intervening change in the law, after an administrative decision and before a district court decision, is particularly significant, remand is permissible). In conformity, here, we conclude that even though claimant's case was complete at the administrative level, it was still pending in federal court, and as such is entitled to remand.
 
 
 11
 The Social Security Act is a remedial statute, allowing for broad construction and liberal application in favor of claimants. Dorsey v. Bowen, 828 F.2d 246, 248 (4th Cir.1987). This case was still pending at the time the regulations became effective, and the new regulations could have significant impact on claimant's application for disability benefits. For these reasons, and because claimant was not awarded benefits under the old standard for evaluating HIV/AIDS infected persons, he is entitled to a remand in order to allow the Secretary the opportunity to apply her new regulations to the evidence in his case.[4]
 
 
 12
 Therefore, the judgment of the United States District Court for the District of Kansas is REVERSED, and the cause is REMANDED to the district court with directions to remand to the Secretary for reevaluation according to the new HIV/AIDS regulations to be codified at 20 C.F.R. Pt. 404, Subpt. P, App. 1, 14.00 (1993).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In addition, in a later decision, Hudson v. Secretary of Health & Human Servs., 839 F.2d 1453, 1457 (11th Cir.1988), aff'd and remanded, 490 U.S. 877 (1989), the Eleventh Circuit declined to follow its own decision on the issue
 
 
 [3]
 The SSA's internal guidance, Social Security Ruling 91-8p, was rescinded on July 2, 1993, concurrent with the effective date of the new HIV evaluation regulations. See Evaluation of Human Immunodeficiency Virus Infection, 58 Fed.Reg. 36,065 (1993)
 
 
 [4]
 Claimant also argues that the ALJ's decision to deny him benefits was not supported by substantial evidence. Because of our decision to remand claimant's case for reconsideration pursuant to the new regulations, we do not address claimant's substantial evidence argument