Bernard J. WASHINGTON

v.

Kenneth S. APFEL, Commissioner of Social Security.

No. Civ.A. DKC–98–2063.

United States District Court, D. Maryland.

March 19, 1999.

Robert R. Jenkins of Jenkins, Block & Associates, Baltimore, MD, for plaintiff.

Allan F. Loucks, Office of United States Attorney, Baltimore, MD, for defendant.

### *MEMORANDUM*

BREDAR, United States Magistrate Judge.

This action is brought pursuant to 42 U.S.C. § 405(g) for review of a final deci-

sion of the Commissioner of Social Security denying plaintiff's claim for Disability Insurance Benefits (DIB). The parties have filed cross-motions for summary judgment. No hearing is deemed necessary. Local Rule 105.6.

## I. Procedural Background

Plaintiff applied for DIB on July 21, 1994. (Tr. 38–41). Subsequent to a hearing held December 12, 1996, at which plaintiff appeared with counsel (Tr. 27–37), an administrative law judge (ALJ) determined in a written decision dated January 13, 1997, that the plaintiff was not disabled. (Tr. 8–21). By an order dated May 29, 1998, the Appeals Council denied plaintiff's request for review (Tr. 3–4), making the decision of the ALJ final and reviewable.

## II. Standard of Review

The primary function of this Court on review of Social Security disability determinations is not to try plaintiff's claim de novo, but rather to leave the findings of fact to the agency and to determine upon the whole record whether the agency's decision is supported by substantial evidence. *King v. Califano,* 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano,* 560 F.2d 615 (4th Cir.1977). Substantial evidence is more than a scintilla but less than a preponderance of the evidence presented. *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and must be sufficient to justify a refusal to direct a verdict was the case before a jury. *Teague v. Califano,* 560 F.2d at 618; *Johnson v. Califano,* 434 F.Supp. 302 (D.Md.1977). If there is substantial evidence to support the

agency's findings of fact, then those findings are conclusive. *Jolley v. Weinberger,* 537 F.2d 1179 (4th Cir.1976); *Blalock v. Richardson,* 483 F.2d 773 (4th Cir.1972).

However, the inquiry does not end there. "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law," *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987). The deferential standard of review applied to the agency's findings of fact does not apply to conclusions of law or the application of legal standards or procedural rules by the agency. *Wiggins v. Schweiker,* 679 F.2d 1387 (11th Cir.1982).[1] The Court is empowered by 42 U.S.C. § 405(g) to affirm, modify, or reverse the decision of the agency, "with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The Court is also empowered under that section to remand a case to the agency for consideration of new evidence upon a showing of good cause by the claimant for the failure to have presented the evidence earlier. This type of remand can occur without making any substantive ruling as to the correctness of the agency's ruling. *Id.*

Finally, it must be noted that hearings on applications for Social Security disability entitlement are not adversary proceedings. *Easley v. Finch,* 431 F.2d 1351 (4th Cir.1970). Moreover, the Social Security Act is a remedial statute, and it is to be broadly construed and liberally applied in favor of beneficiaries. *Dorsey v. Bowen,* 828 F.2d 246 (4th Cir.1987). A claimant is entitled to a full and fair hearing, and failure to have such a hearing may constitute sufficient cause to remand the case. *Sims v. Harris,* 631 F.2d 26 (4th Cir.1980).

---

**1.** Purported statutory restrictions on judicial review will not be found absent clear and convincing evidence of legislative intent. *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) (holding that the Civil Service Retirement Act barred only judicial review of factual determinations regarding disability and not

review of alleged errors of law and procedure). The deferential standard set forth in 42 U.S.C. § 405(g) provides only that findings "as to any fact, if supported by substantial evidence, shall be conclusive ..." and suggests no limits on judicial review of the application of law and procedure by the agency.

### III. The Sequential Analysis

The Social Security regulations set forth a sequential, five-step process for evaluating a claimant's eligibility for DIB and SSI. If the agency can make a disability determination at any point in the sequential analysis, it does not review the claim further. 20 C.F.R. 1520(a). First, the agency determines whether the claimant is engaged in "substantial gainful activity" as defined in §§ 404.1510, 404.1571 *et seq.*, 416.971 *et seq.* If such determination is positive, no disability will be found. §§ 404.1520, 416.920.

If such determination is negative, the agency proceeds to step two, where the physical and mental impairments of the claimant are considered, severally and in combination. The impairments must meet the durational requirement, §§ 404.1509, 416.909, and be severe, §§ 404.1520(c), 416.920(c). If they do not meet those requirements, no disability will be found. §§ 404.1509, 416.909, 404.1520(c), 416.920(c).

If the claimant's impairments are determined to be severe and of sufficient duration, the agency then proceeds to the third step—the consideration of whether the impairments, either severally or in combination, meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No.4, the so-called "Listing of Impairments" or LOI. §§ 404.1520(d), 416.920(d). If one of the listings is met, disability will be found without consideration of age, education, or work experience. §§ 404.1520(d), 416.920(d).

If a listing is not met, the agency moves to the fourth step and considers whether the claimant retains the residual functional capacity to perform past relevant work. §§ 404.1520(e), 416.920(e). A positive answer means that the claimant is not disabled. §§ 404.1520(e), 416.920(e).

A negative answer requires the agency to proceed to the fifth and final step. This step requires the consideration of whether, in light of vocational factors such as age, education, work experience, and residual functional capacity, the claimant is capable of other work in the national economy. The claimant is entitled to disability only if the answer is "no." §§ 404.1520(f), 416.920(f). At this fifth step in the sequential analysis, the burden of proof shifts to the agency to establish that the claimant retains the residual functional capacity to engage in an alternative job existing in the national economy. *McLain v. Schweiker,* 715 F.2d 866, 868–69 (4th Cir. 1983) *Wilson v. Califano,* 617 F.2d 1050, 1053 (4th Cir.1980). The agency must prove both the claimant's capacity and the job's existence. *Grant v. Schweiker,* 699 F.2d 189, 191 (4th Cir.1983). Before the agency may conclude that the claimant can perform alternative skilled or semi-skilled work, it must show that the claimant possesses skills that are transferable to those alternative positions or that no such skills are necessary. *McLain,* 715 F.2d at 869.

### IV. The ALJ's Findings

In his written decision, the ALJ found that plaintiff's last insured date was September 30, 1998. He found that the plaintiff had severe lumbar disc disease, but that he did not have an impairment or combination thereof listed in, or medically equal to, any in the LOI. He found further that plaintiff's allegations of pain and the functional limitations arising from that pain were credible only to the extent that he is limited to light work. (Tr. 19).

The ALJ determined that the plaintiff lacked the capacity to carry more than 20 pounds occasionally or more than 10 pounds frequently and was precluded from his past relevant work as a construction laborer. He then found that the plaintiff was 52 years of age on his alleged onset date, that he had a high school education, and that his past relevant work was unskilled. The ALJ then applied Vocational Rule 201.13 of Table No. 2, Appendix 2, Subpart P, Regulations No. 4 (the so-called "grid regulations") to direct a con-

clusion that the plaintiff was not disabled. (Tr. 19–20).

## V. Analysis

The plaintiff contends *inter alia* that the ALJ wrongly discounted the opinion of his treating physician and incorrectly evaluated his allegations of pain. Pertinent medical evidence of record includes reports from Dr. Paul E. Pritchett, a family practitioner who treated the plaintiff. A report to the agency dated October 17, 1994, indicated a primary diagnosis of degenerative disc disease between L3–L4 and L4–L5, confirmed by x-ray of the lumbar spine in January 1994. (Tr. 79). A contemporaneous range-of-motion study showed range of motion in the lumbar spine to be limited to 45 degrees flexion-extension. (Tr. 81). Dr. Pritchett completed an agency form entitled Medical Assessment of Ability To Do Work–Related Activities (Physical) in March 1996 that indicated the plaintiff could not lift more than five pounds and was not able to walk or stand for "any length of time" without great pain. He estimated that the plaintiff could stand or walk for a total of two hours in an eight-hour work day and required the use of a cane at times. He opined that the plaintiff was limited to a total of three hours sitting in an eight-hour work day. He opined that reaching, handling, pushing or pulling caused the plaintiff to use parts of his body that generated pain and that the plaintiff was precluded from working in colder temperatures because of aggravation to his arthritic condition. (Tr. 101).

On the other hand, the plaintiff was examined in September 1995 by Dr. Jorge A. Mondino, an orthopedic surgeon, at the behest of the agency. He reported that the plaintiff walked without the aid of any device and wore no lumbosacral support. He was able to stand on his tiptoes and heels and partially squat. Reflexes and sensation in the lower extremities was normal. There was positive straight-leg raising on the right at 45 degrees and moderate discomfort on palpation over the lumbar area. The plaintiff had full flexion and extension of the knees and full flexion and rotation of the hips. There were no upper body problems noted and no weakness of grip. X-rays showed some moderate lumbosacral spondylosis, but the intervertebral spaces seemed to be well preserved. Dr. Mondino diagnosed chronic lumbar syndrome and opined that work lighter than plaintiff's prior concrete construction work was suitable. He found range of motion in the lumbar spine to be 75 degrees. (Tr. 85–88).

The opinion of Dr. Mondino, an orthopedic specialist, stands in contrast to that of Dr. Pritchett, a general practitioner. The opinions of treating physicians warrant special consideration in that they reflect expert judgment based upon continuing observation. *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987). However, the agency may give substantial weight to the opinion of a specialist, even though it is at odds with the view of a treating physician. *See, Durham v. Gardner,* 392 F.2d 168 (4th Cir.1968). Furthermore, the ALJ appears to have fairly and fully considered plaintiff's complaints of pain. In short, although the Court considers somewhat dubious the ALJ's conclusion that the plaintiff can perform a full range of light work,[2] it cannot be said that the conclusion is not supported by substantial evidence.

Nonetheless, it is clear that the plaintiff is entitled to DIB. The ALJ, in applying the grid regulations to direct a conclusion that the plaintiff was not disabled, used plaintiff's age as of his alleged onset date, *i.e.* May 6, 1994. Plaintiff's alleged onset date, however, is merely a "starting point" for consideration, and the designation of that date by the plaintiff is

---

**2.** A full range of "light work" contemplates the ability to stand or walk six hours out of an eight-hour work day. SSR 83–10.

of no force. Ultimately, it is for the decision maker to establish the onset date of disability. *See,* SSR 83–20. "In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits." *Id.* This is one such claim.

The agency, in its regulations, recognizes age 55 (which it characterizes as *advanced age*) as the point at which "age significantly affects a person's ability to do substantial gainful activity." § 404.1563(d). "If you are severely impaired and of advanced age and you cannot do medium work … you may not be able to work unless you have skills that can be used in (transferred to) less demanding jobs which exist in significant numbers in the national economy." *Id.*

The grid tables reflect this recognition. A person limited to light work who is of advanced age, has a high school education and whose previous work experience was unskilled will be considered under Vocational Rule 202.04. That vocational rule mandates a finding of disability.

The ALJ's decision in this case was issued on January 13, 1997, 22 days prior to the plaintiff's 55th birthday.[3] The regulations provide that an application remains in effect until an ALJ issues a hearing decision; and if the claimant meets all the requirements for entitlement while the application is in effect, benefits will be paid from the first month that the requirements are met. § 404.620(a) and (a)(1). If the claimant meets all the requirements for entitlement after the period for which the application was in effect, the claimant must file a new application for benefits. § 404.620(a)(2). The regulations also provide, however, that, when considering age as a vocational factor, the agency will not apply the age categories mechanically in a borderline situation. § 404.1563(a).

The regulatory requirement that the agency act flexibly in borderline-age situations was visited in *Kane v. Heckler,* 776 F.2d 1130 (3d Cir.1985).[4] The Court in Kane noted that the agency, in its comments accompanying promulgation of a predecessor rule to § 404.1563, wrote: "SSA practice over the years, in fact, has been in agreement with the comment that the passage of a few days or months before the attainment of a certain age should not preclude a favorable disability determination." 43 Fed.Reg. 55349, 55359 (1978). That time-honored practice was not followed in this case. The agency's contention to the contrary notwithstanding, the ALJ failed to even recognize the close proximity of his decision date to plaintiff's 55th birthday, focusing only on plaintiff's "alleged" onset date. Moreover, given the opinion of plaintiff's treating physician, the questionable finding of an ability to do a full range of light work, and the finding that the plaintiff's past relevant work was unskilled, it is entirely reasonable to assume that consideration of these factors in light of the proximity between the decision date and plaintiff's 55th birthday would yield a decision that the plaintiff was disabled and entitled to benefits as of the date of the ALJ's decision.[5] Accordingly, an order will be entered separately granting summary judgment in favor of the

---

**3.** Ironically, the ALJ's written decision in this case was issued barely a month after the hearing, an atypically brief turnaround time in Social Security disability cases.

**4.** Unlike the case at bar, in which the plaintiff was insured beyond his 55th birthday, in Kane the plaintiff's last insured date was 48 days prior to his 55th birthday. The question there, then, was not simply *when* the plaintiff would be eligible for benefits, as it is here, but *whether* he would receive benefits at all.

**5.** This claim has been pending more than four years. To force the plaintiff to file a new application for disability benefits to which he obviously would be entitled retroactively to the date of his 55th birthday would be a triumph of form over substance and would work real injustice. Reversal is appropriate where remand would serve no purpose. *Taylor v. Weinberger,* 512 F.2d 664 (4th Cir.1975).

plaintiff and directing the agency to award benefits.